**22SL-CC05336**

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| THE BOEING COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MELROSE INDUSTRIES PLC, | ) |
| Serve Melrose Industries PLC: | ) |
| 11th Floor, The Colmore Building | ) |
| 20 Colmore Circus Queensway | ) |
| Birmingham, England B4 6AT | ) |
| | ) |
| GKN AEROSPACE SERVICES LIMITED, | ) |
| Serve Registered Agent: | ) |
| CSC – Lawyers Incorporating Service | )   Cause No.: |
| 2710 Gateway Oaks Drive Suite 150N | ) |
| Sacramento, CA 95833 | )   Division No.: |
| | ) |
| AND | ) |
| | ) |
| Serve GKN Aerospace Services Limited: | ) |
| 2nd Floor, Blythe Valley Park | ) |
| One Central Boulevard | ) |
| Shirley, Solihull, England B90 8BG | ) |
| | ) |
| GKN ADVANCED DEFENSE SYSTEMS, | ) |
| Serve David Higgins, President of GKN | ) |
| Advanced Defense Systems: | ) |
| 2407 County Road 4122 | ) |
| Simms, TX 75574-8441 | ) |
| | ) |
| AND | ) |
| | ) |
| Serve GKN Advanced Defense Systems | ) |
| 12122 Western Avenue | ) |
| Garden Grove, CA 92848 | ) |
| | ) |
| GKN AEROSPACE, INC., | ) |
| Serve Registered Agent: | ) |
| Corporation Service Company | ) |
| 251 Little Falls Drive | ) |
| Wilmington, DE 19808 | ) |
| | ) |

1

**Exhibit B**

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

GKN AEROSPACE US HOLDINGS LLC,                     )
Serve Registered Agent:                            )
Corporation Service Company                        )
251 Little Falls Drive                             )
Wilmington, DE 19808                               )
                                                   )
GKN AEROSPACE TRANSPARENCY                         )
SYSTEMS INC.,                                      )
Serve Registered Agent:                            )
CSC – Lawyers Incorporating Service                )
2710 Gateway Oaks Drive Suite 150N                 )
Sacramento, CA 95833                               )
                                                   )
GKN AEROSPACE ST. LOUIS LLC,                       )
Serve Registered Agent:                            )
CSC – Lawyers Incorporating Service                )
221 Bolivar Street                                 )
Jefferson City, MO 65101                           )
                                                   )
GKN AEROSPACE AEROSTRUCTURES,                      )
INC.,                                              )
Serve Registered Agent:                            )
Corporation Service Company                        )
251 Little Falls Drive                             )
Wilmington, DE 19808                               )
                                                   )
GKN AEROSPACE PRECISION                            )
MACHINING, INC.,                                   )
Serve Registered Agent:                            )
Corporation Service Company                        )
251 Little Falls Drive                             )
Wilmington, DE 19808                               )
                                                   )
AND                                                )
                                                   )
GKN AEROSPACE NEWINGTON LLC,                       )
Serve Registered Agent:                            )
Corporation Service Company                        )
251 Little Falls Drive                             )
Wilmington, DE 19808                               )
                                                   )
Defendants.                                        )

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

## PETITION

Plaintiff The Boeing Company ("Boeing"), by and through its attorneys, hereby brings this Petition against Defendants Melrose Industries PLC ("Melrose"), GKN Aerospace St. Louis LLC ("GKN Aerospace St. Louis"), and the "Controlling GKN Defendants"—GKN Aerospace Services Limited ("GKN Aerospace UK"), GKN Advanced Defense Systems, GKN Aerospace, Inc., GKN Aerospace US Holdings LLC ("GKN Aerospace US Holdings"), GKN Aerospace Transparency Systems Inc. ("GKN Aerospace Transparency Systems"), GKN Aerospace Aerostructures, Inc. ("GKN Aerospace Aerostructures"), GKN Aerospace Precision Machining, Inc. ("GKN Aerospace Wellington"), and GKN Aerospace Newington LLC ("GKN Aerospace Newington") (collectively, "Defendants")—and alleges as follows:

## I.      INTRODUCTION

1.      For over two decades, Boeing has relied on GKN Aerospace St. Louis to supply essential, complex parts necessary to produce and sustain the F-15 and F/A-18 fighter jets used by the U.S. Air Force and Navy and our foreign allies.

2.      Agreements between Boeing and GKN Aerospace St. Louis require Boeing to order certain parts for these aircraft exclusively from GKN Aerospace St. Louis through the end of September 2023 (for F/A-18 parts) and December 2023 (for F-15 parts).  GKN Aerospace St. Louis, in turn, must accept these orders and then manufacture and deliver the corresponding parts, even if doing so would require performance beyond 2023.  GKN Aerospace St. Louis manufactures more than 1,000 different kinds of parts for Boeing pursuant to these agreements, many of which are highly complex aerostructures that only GKN Aerospace St. Louis is able and qualified to produce.  GKN Aerospace St. Louis is thus critical to Boeing's F-15 and F/A-18 manufacturing lines.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

3.      In early 2022, GKN Aerospace St. Louis breached these agreements.   The companies that own and control GKN Aerospace St. Louis declared that GKN Aerospace St. Louis would cease production in the third quarter of 2023 and close at the end of 2023.   Soon after, GKN Aerospace St. Louis made clear that, despite its contractual obligations, it would not accept purchase orders from Boeing that require performance beyond 2023.   GKN Aerospace St. Louis has since refused to accept purchase orders for thousands of parts, including parts for which it is Boeing's only possible supplier.   To make matters worse, GKN Aerospace St. Louis has made clear that it will not deliver parts included in certain purchase orders it previously accepted, and it has rejected orders even for parts that do not require performance beyond the third quarter of 2023. Although in a recent filing against Boeing GKN Aerospace St. Louis asserted that it was willing to fulfill some additional number of orders until the end of 2024 (a commitment that still falls well short of its contractual obligations), it has provided no specifics on what particular orders it may accept, or when.

4.      As a result of this blatant repudiation and willful breach of contract, Boeing will have to transition all the parts that GKN Aerospace St. Louis provides to new suppliers at immense cost in terms of both resources and time.   The consequent delay in receiving parts GKN Aerospace St. Louis was obligated to produce and deliver risks leaving Boeing unable to fulfill the obligations of its strategic defense contracts.   The decision to close GKN Aerospace St. Louis and halt its supply of parts potentially threatens the viability of Boeing's F-15 and F/A-18 manufacturing sites.

5.      Liability for these harms does not fall on GKN Aerospace St. Louis alone.   The decision to close GKN Aerospace St. Louis, forcing current and ongoing breaches of its contracts, was a top-down decision made by Melrose, a U.K. investment firm that acquired the GKN corporate family in 2018 through a hostile takeover.   Melrose operates the aerospace companies

4

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

in the GKN corporate family as a single entity called "GKN Aerospace," with decisions being made by a limited number of individuals across all companies and without regard to corporate formalities or the legal separateness of what appear to be, on paper, distinct entities.  Melrose dominates and controls GKN Aerospace and GKN Aerospace St. Louis within it.

6.     The closure of GKN Aerospace St. Louis is but one part of Melrose's broader plan to boost the profit margins of the GKN Aerospace entities by closing many of its U.S. subsidiaries, without regard to contractual commitments or the far-reaching consequences of shuttering suppliers of critical airplane parts.  Worse still, Melrose and the other corporate family members that dominate and control GKN Aerospace St. Louis are attempting to walk away from responsibility for the damage they have caused.

7.     They cannot do so.  Melrose and the Controlling GKN Defendants completely control and dominate GKN Aerospace St. Louis, and they used this control over GKN Aerospace St. Louis to force its closure and the breach of its contracts with Boeing.  These Defendants have also failed to adequately capitalize GKN Aerospace St. Louis and rendered it insolvent.  They have further used GKN Aerospace St. Louis's insolvency—and the limited liability of its corporate form—to attempt to escape liability for GKN Aerospace St. Louis's breaches and force Boeing to acquire the company on unfavorable terms.

8.     Boeing seeks specific performance and preliminary and permanent injunctive relief with respect to the complex, critical part numbers that only GKN Aerospace St. Louis is currently capable of supplying.  Boeing also seeks money damages with respect to all other harm that it has incurred and will incur, including with respect to the hundreds of other part numbers that have to be transitioned to other suppliers at great expense due to GKN Aerospace St. Louis's breaches of contract.  In the event that this Court does not order injunctive relief, Boeing's monetary damages

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

will escalate substantially, yet would fail to adequately compensate Boeing for all of the harm caused by the breaches of GKN Aerospace St. Louis's contractual obligations.

## II.    PARTIES

9.    Boeing is a Delaware corporation that operates extensively in St. Louis, Missouri. It is the world's largest aerospace company.  It is a leading manufacturer of both commercial and defense aircraft, and it provides crucial aftermarket support to those aircraft as well.

10.    GKN Aerospace St. Louis LLC is a Delaware limited liability company that operates in Hazelwood, Missouri in St. Louis County.  It is the only supplier of many unique parts that Boeing needs to manufacture and sustain F-15 and F/A-18 aircraft.  Boeing buys more parts from GKN Aerospace St. Louis than from any other entity within the GKN corporate family.

11.    Melrose Industries PLC is a public limited company organized under the laws of the United Kingdom.  An investment firm publicly traded on the London Stock Exchange, Melrose owns the GKN corporate family and is the ultimate parent of GKN Aerospace St. Louis and the Controlling GKN Defendants.

12.    GKN Aerospace Services Limited is a corporate entity organized under the laws of the United Kingdom and is, on information and belief, the GKN entity ultimately responsible for oversight and management of all GKN Aerospace manufacturing sites and offices worldwide.

13.    On information and belief, GKN Advanced Defense Systems is a division of GKN Aerospace doing business in the State of Missouri.  Its corporate form is unknown.

14.    GKN Aerospace, Inc. is a Delaware corporation.  Its principal office is in Irving, Texas (near Dallas).  It is the U.S. headquarters of the GKN Aerospace enterprise.

15.    GKN Aerospace US Holdings LLC is a Delaware limited liability company with offices in Wilmington, Delaware and Irving, Texas.   It is the ultimate U.S. parent of GKN

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Aerospace St. Louis, GKN Aerospace, Inc., GKN Aerospace Transparency Systems, GKN Aerospace Aerostructures, GKN Aerospace Wellington, and GKN Aerospace Newington.

16.     GKN Aerospace Transparency Systems Inc. is a California corporation.  Its principal office is in Garden Grove, California.  It is GKN Aerospace St. Louis's direct parent.

17.     GKN Aerospace Aerostructures Inc., a Delaware corporation with its principal office in New York, New York, is the guarantor of GKN Aerospace St. Louis's obligations to Boeing.

18.     GKN Aerospace Precision Machining, Inc. is a Delaware corporation.  Its principal office is in Wellington, Kansas.  It is a subsidiary of GKN Aerospace Aerostructures.

19.     GKN Aerospace Newington LLC is a Delaware limited liability company that operates in Newington, Connecticut.  It is a subsidiary of GKN Aerospace, Inc.

### III.    JURISDICTION

20.     This Court has subject matter jurisdiction over this civil matter, which seeks damages in excess of $25,000, pursuant to Mo. Const. art. V, § 14.

21.     This Court has personal jurisdiction over GKN Aerospace St. Louis pursuant to Mo. Rev. Stat. § 506.500.1(1), (2), and (3) because GKN Aerospace St. Louis transacts business in the State of Missouri; GKN Aerospace St. Louis made contracts with Boeing in the State of Missouri; GKN Aerospace St. Louis committed a tortious act within the State of Missouri; and, as detailed below, these actions give rise to the claims set forth herein.

22.     This Court has personal jurisdiction over all other Defendants because, as detailed below, they (a) transacted business in the State of Missouri, including through direct and continual supervision of, and decision-making for, GKN Aerospace St. Louis's operations in this judicial district, *see* Mo. Rev. Stat. § 506.500.1(1); and (b) are the principals, instrumentalities, and/or alter egos of GKN Aerospace St. Louis, as alleged in further detail below.  Jurisdiction is further proper

7

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

over Melrose, GKN Aerospace, Inc., GKN Aerospace US Holdings, GKN Aerospace Transparency Systems, and GKN Aerospace Aerostructures because they committed tortious acts in the State of Missouri where Boeing felt its harm, *see* Mo. Rev. Stat. § 506.500.1(3).

## IV.   VENUE

23.    Venue is proper in St. Louis County for this action because Boeing was first injured by the Defendants' actions in St. Louis County, as outlined herein.  GKN Aerospace St. Louis resides in St. Louis County and failed to perform its contracts there, as a result of Defendants' actions.  St. Louis County is also where Defendants notified Boeing that GKN Aerospace St. Louis would breach its contracts, and where Boeing is harmed by Defendants' fraudulent transfers of money.  *See* Mo. Rev. Stat. § 508.010.

## V.   FACTUAL ALLEGATIONS

### A.    *Melrose's Acquisition of GKN and Boeing's Relationship with GKN*

24.    In 2018, Melrose acquired the GKN corporate family for $8 billion GBP ($11 billion USD).[1]  Through the acquisition, Melrose became the ultimate parent of the Controlling GKN Defendants and of GKN Aerospace St. Louis, which was then named GKN Aerospace North America, Inc. (GKN Aerospace North America, Inc. changed its name to GKN Aerospace St. Louis LLC after the acquisition).

25.    As described in more detail below, *infra* at 57–65, after Melrose acquired the GKN corporate family, it implemented a "One Aerospace" strategy for the aerospace companies in the GKN corporate family, including GKN Aerospace St. Louis and the Controlling GKN Defendants. These entities and the other aerospace companies owned by Melrose appear to be, on paper,

---

[1] Ben Martin, *Melrose Wins UK Engineer GKN with $11 Billion Hostile Bid*, REUTERS (Mar. 29, 2018), https://tinyurl.com/3vb247tk.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

separate entities, but Melrose runs them as a single enterprise that it calls "GKN Aerospace."  On information and belief, GKN Aerospace is not a formal legal entity and is simply the umbrella title for the aerospace companies in the GKN corporate family, although it has its own website and executive team.

26.     In connection with the 2018 acquisition, the Chief Executive Officer of Melrose, Simon Peckham, visited St. Louis to have an "all hands" meeting with the workers at the GKN Aerospace St. Louis facility.   During that visit, Boeing gave Peckham a tour of its St. Louis F/A-18 assembly line, showing him where GKN's parts were used in the end product and emphasizing the importance of the St. Louis facility's work for Boeing.

27.     Both before and after the Melrose acquisition, the St. Louis site has supplied Boeing with parts for the F-15 and F/A-18 aircraft.  For many of these parts, GKN Aerospace St. Louis is the only current supplier.  For example, GKN Aerospace St. Louis is the only supplier that makes certain superplastics and flight control surfaces used on F-15 and F/A-18 jets, respectively.  A superplastic is a hard metal that is heated to an extreme temperature so that it can be molded into a geometrically complex and lightweight shape.  Flight control surfaces are the aerodynamic devices on the surface of an aircraft that allow a pilot to adjust and control the direction of the aircraft's flight.  No other suppliers currently are known to have the ability to manufacture these parts for Boeing's F-15 and F/A-18 aircraft.

28.     It would take a substantial period of time—and impose considerable costs on Boeing—to enable alternative suppliers to produce these complex parts.  Among other things, the new suppliers would need to build or be provided with the tooling used to manufacture and assemble the parts, those tools would have to undergo verification and calibration to ensure they can build conforming parts, and the suppliers would need to undergo training to learn how to use

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

the tools and build each part.  This lengthy process of setting up and qualifying new suppliers and the corresponding delay in manufacturing parts would cause extensive damage to Boeing.

## B.       *The Contracts Governing the Parties' Dispute*

29.      Boeing and GKN Aerospace St. Louis have entered into several contracts relevant to this dispute: (a) the Strategic Agreement related to the F/A-18, dated February 3, 2020 and attached as Exhibit A; (b) the Strategic Agreement related to the F-15, dated January 11, 2021 and as amended August 26, 2021, and attached as Exhibit B; and (c) the General Terms Agreement ("GTA"), dated May 10, 2019 and attached as Exhibit C.  Boeing and GKN Aerospace St. Louis have also executed a number of purchase contracts (also referred to as purchase orders) pursuant to which GKN Aerospace St. Louis has agreed to provide specific quantities of parts to Boeing. All of these agreements are governed by Delaware law.

30.      The Strategic Agreement related to the F/A-18 and the Strategic Agreement related to the F-15 (together, the "Strategic Agreements") require that Boeing "purchase all of its requirements for Goods during the Term of this Contract" using purchase contracts and that GKN Aerospace St. Louis "furnish all Goods in support of Purchase Contracts in the quantities ordered."[2]  As defined by the Strategic Agreements, "Goods" means "parts, raw materials, supplies and/or services as specifically identified" in an attached exhibit.[3]  The Strategic Agreement for F/A-18 parts has a term ending on September 30, 2023.[4]  The Strategic Agreement for F-15 parts has a term ending on December 31, 2023.[5]  GKN Aerospace St. Louis is required to "accept and process all Purchase Contracts issued by [Boeing] … even if the period of performance of any

---

[2] Ex. A at Secs. 6.1, 6.5; Ex. B at Secs. 6.1, 6.5.

[3] Ex. A at Sec. 1.1.2; Ex. B at Sec. 1.1.2.

[4] Ex. A at Sec. 3.2.

[5] Ex. B at Sec. 3.2.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

such Purchase Contracts extends beyond the Term of this Contract."[6]  In light of the decision to close GKN Aerospace St. Louis at the end of 2023, GKN Aerospace St. Louis recently released Boeing from its obligation to purchase all of its requirements for particular parts under the Strategic Agreements.

31.     GP7, an attachment to the GTA, provides terms and conditions that are incorporated into certain contracts Boeing enters into with GKN Aerospace St. Louis, including the Strategic Agreements and the purchase contracts.[7]  In brief, GP7 requires conforming goods and timely performance, provides that monetary damages are not an adequate remedy for breach, and allows for suit in a court of competent jurisdiction following the fulfillment of certain dispute resolution prerequisites.

32.     The purchase contracts are the mechanism for Boeing to place orders for parts, regardless of whether the part number appears in the Strategic Agreements.  The purchase contracts detail the quantity and delivery schedule for each part number that Boeing orders.  By accepting a purchase contract, GKN Aerospace St. Louis agrees to abide by the agreement's terms, including the terms of GP7, which are incorporated into each purchase contract.  Redacted versions of the purchase contracts at issue in this case are attached as Exhibit D.

33.     Before Melrose purchased the GKN corporate family, GKN Aerospace Aerostructures agreed to guarantee GKN Aerospace St. Louis's obligations to Boeing. Specifically, pursuant to a Guarantee Agreement between GKN Aerospace Aerostructures and Boeing, dated May 15, 2017, and attached hereto as Exhibit E, GKN Aerospace Aerostructures agreed to guarantee the "payment, performance, and observance" of (a) "each and every covenant

---

[6] Ex. A at Sec. 3.2; Ex. B at Sec. 3.2.

[7] *See* Ex. C.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

and agreement to be performed or observed by [GKN Aerospace St. Louis] under any purchase order issued by [Boeing] and accepted by [GKN Aerospace St. Louis]," and (b) "each and every other duty, obligation or liability of [GKN Aerospace St. Louis] to [Boeing] arising out of or as a result of the performance or nonperformance of all or any part of any Order or Contract."[8]   The Guarantee "is an absolute, continuing, unconditional and irrevocable guarantee."[9]

### C.    *The Closure of GKN Aerospace St. Louis*

34.     Boeing satisfied its contractual obligation to order the specified parts from GKN Aerospace St. Louis.  Boeing also placed orders for additional parts that GKN Aerospace St. Louis agreed to furnish.  Indeed, in 2020 and 2021, Boeing spent hundreds of millions of dollars on parts from GKN Aerospace St. Louis.  But that was not enough for GKN Aerospace St. Louis's ultimate parent, Melrose.

35.     Melrose's stated mission is to buy distressed businesses, improve them, and sell them at a profit.  Indeed, as recently as September 9, 2022, Melrose stated that it "believes it can triple the profits of the aerospace business."[10]  And it plans to do so by taking steps to place a new global technology center in Fort Worth, Texas and to close U.S. sites like GKN Aerospace St. Louis, without regard to those sites' contractual obligations and the implications of breaching them.[11]

---

[8] Ex. E at Sec. 1.

[9] *Id.*

[10] Sylvia Pfeifer & Peter Campbell, *Melrose to Spin Off Auto Business in GKN Break-Up*, Fin. Times (Sept. 9, 2022), https://tinyurl.com/bdfb39e7; Melrose Slideshow Presentation on Intention to Demerge Automotive and Powder Metallurgy and 2022 Interim Results 14 (Sept. 8, 2022), *available at* https://tinyurl.com/2p8j9bh3.

[11] Melrose Investor Day Slideshow Presentation on GKN Aerospace 13 (June 8, 2022), *available at* https://tinyurl.com/2s4xm7v7 (hereinafter "June Investor Presentation"); Seth Bodine, *Aerospace Manufacturer GKN Aerospace Considers Fort Worth for New Global Technology Center*, Fort Worth Rep. (Oct. 18, 2022), https://tinyurl.com/3j4s4zhu.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

36.     Boeing first learned of the planned St. Louis site closure on February 10, 2022, when executives of GKN Aerospace informed Boeing employees that Melrose was shutting down GKN Aerospace St. Louis at the end of 2023.  Shortly following these conversations, GKN Aerospace announced the impending closure of GKN Aerospace St. Louis to the public.

37.     On February 18, 2022, the President of GKN Advanced Defense Systems, an affiliate of GKN Aerospace St. Louis that also operates under the GKN Aerospace umbrella, sent Boeing a formal notification that "GKN will close its St. Louis manufacturing facility … by the end of 2023."

38.     That same day, Boeing met with four GKN Aerospace employees in St. Louis. When Boeing pressed for details on how GKN Aerospace St. Louis planned to fulfill its contractual obligations, these employees told Boeing that Melrose was committed to the announced closure date.  The GKN Aerospace employees made clear that GKN Aerospace St. Louis would cease production in the third quarter of 2023 and would not accept orders from Boeing with a period of performance beyond that timeframe.  GKN Aerospace employees have since reiterated that GKN Aerospace St. Louis will reject any order Boeing places that cannot be delivered by the end of 2023.

39.     On April 5, 2022, the President of GKN Advanced Defense Systems sent another letter to Boeing reconfirming that GKN Aerospace St. Louis will close at the end of 2023.  The letter included a list of parts that GKN Aerospace St. Louis would deliver through the third quarter of 2023.  The letter omitted, however, hundreds of other parts for which GKN Aerospace St. Louis has already accepted purchase contracts from Boeing, the implication being that GKN Aerospace St. Louis will not manufacture those parts despite its contractual obligations.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

40.     On May 3, 2022, the CEO of GKN Aerospace UK—who is also listed as the CEO of GKN Aerospace on the GKN Aerospace website—reiterated via email that GKN Aerospace St. Louis would close at the end of 2023, while also proposing that Boeing take over the St. Louis site.  On May 10, 2022, he clarified via email that this proposal assumed that Boeing would take on all of GKN Aerospace St. Louis's liabilities.

41.     By mid-May 2022, it became clear that Melrose planned to force Boeing to take over GKN Aerospace St. Louis at a significant loss to boost Melrose's profit margins.  On May 13, 2022, Boeing met with GKN Aerospace executives in St. Louis to discuss the St. Louis site closure.  These executives told Boeing that they would not consider proposals for purchasing the St. Louis site from anyone but Boeing, commenting that no one else would have any interest in the business because it is insolvent.  In other words, Melrose did not believe anyone would pay as much for the St. Louis site as Boeing.  This belief appears to stem, in part, from Melrose's incorrect assumption that Boeing can simply pass along its costs to the U.S. Government.

42.     Melrose has gone so far as to actively turn away third parties seeking to purchase GKN Aerospace St. Louis.  When one third party expressed interest in purchasing the St. Louis site, the Head of Corporate Development for Melrose vigorously rejected the attempt, telling the party to "please desist."

**D.     *GKN Aerospace St. Louis Refuses to Perform***

43.     Since the closure announcement, GKN Aerospace St. Louis has in fact refused to perform as required under the parties' agreements.

44.     *First*, GKN Aerospace St. Louis has repudiated its obligation to furnish certain parts included in purchase orders that it *previously accepted*.  For example, an April 5, 2022 letter from the President of GKN Advanced Defense Systems identified "a list of those parts we believe

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

[GKN Aerospace St. Louis] will be able to deliver between now and the end of 2023," and omitted from that list hundreds of parts included in previously accepted purchase orders.  Recent projections from GKN Aerospace St. Louis likewise show that GKN Aerospace St. Louis will fail to deliver thousands of parts included in previously accepted purchase orders.

45.    *Second*, GKN Aerospace St. Louis has also refused to accept many *new* orders that Boeing has attempted to place for parts listed in the Strategic Agreements.  GKN Aerospace St. Louis responds to Boeing's requests for additional parts by marking in a spreadsheet which orders it plans to accept and which it will refuse to fulfill if Boeing submits a purchase contract.  GKN Aerospace St. Louis has refused to accept purchase orders from Boeing to manufacture and deliver thousands of parts.

46.    And *third*, as stated above, GKN Aerospace St. Louis has indicated that it will refuse future orders for parts covered by the Strategic Agreements to the extent those orders require performance beyond 2023.  Although in a recent filing against Boeing GKN Aerospace St. Louis asserted it was willing to fulfill some additional number of orders until the end of 2024 (a commitment that still falls well short of its contractual obligations), it has provided no specifics on what particular orders it may accept, or when.

E.    ***Boeing Faces Irreparable Harm and Significant Damages As a Result of the Breaches***

47.    Defendants' complete disregard of GKN Aerospace St. Louis's contractual obligations threatens Boeing with irreparable harm and is inflicting significant damages on Boeing. In particular, GKN Aerospace St. Louis's rejection of purchase orders for parts that only it manufactures, as well as its refusal to supply highly complex parts under purchase contracts it previously accepted, threatens to deprive Boeing of parts essential to its manufacturing processes. Although Boeing has worked to identify new suppliers for the parts that GKN Aerospace St. Louis

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

supplies, no alternate sources currently exist for many critical parts, such as the F-15 superplastics and F/A-18 flight control surfaces.  Boeing cannot transition these parts to new suppliers before GKN Aerospace St. Louis stops production in the third quarter of 2023; indeed, in some cases, it will take years to stand up and qualify new suppliers.  Unless GKN Aerospace St. Louis manufactures them, they will not be made in the interim, and the F-15 and F/A-18 programs will be put at risk.

48.    Production lines rely on a carefully sequenced and choreographed production process to ensure that the product is built to the customer's specifications.  If a part is not available when it is needed for the next step in the manufacturing process, delays and even full-scale production shutdowns may result.  For new aircraft, that means deliveries to the customer may be delayed.  Similarly, if a spare part is not available to service existing aircraft, the aircraft may not be able to perform and could be grounded.

49.    Having suppliers fulfill their contractual obligations is, therefore, crucial.  Given that the parties' relationship involves the manufacture and supply of unique parts for military aircraft, it is no surprise that their contracts recognize that "money damages would not be an adequate remedy for any actual, anticipatory or threatened breach."[12]

50.    Boeing has incurred significant damages transitioning parts to alternative suppliers. These damages include, but are not limited to, the costs of setting up new suppliers, increased prices demanded by new suppliers, loss of earnings, and labor rate increases at other sites that support the F-15 and F/A-18 production lines.  Moreover, if the Court ultimately determines that Boeing is not entitled to specific performance with respect to parts that only GKN Aerospace St. Louis currently manufactures, Boeing's damages would escalate, although they would fail to

---

[12] GP7 art. 37(b).

adequately compensate Boeing for the injuries it would sustain in the event of a production line shutdown.

**F.**     ***Federal Obligations of GKN Aerospace St. Louis's Parent Companies***

51.     When a U.S. defense contractor is owned by a non-U.S. company, federal regulations may impose requirements to mitigate the risks associated with foreign ownership.  *See, e.g.*, 32 C.F.R. §§ 117.1-117.24.  These requirements may include, for example, the execution of a Special Security Agreement ("SSA") between the U.S. company, its parent companies, and the U.S. Department of Defense, and/or the passage of special resolutions by the board of directors of the non-U.S. parent companies.  These requirements are intended to ensure the U.S. defense contractor can perform defense contracts important to national security without inappropriate interference by the foreign parent.

52.     GKN Aerospace employees have represented to Boeing that GKN Aerospace St. Louis is party to an SSA.  The SSA between the U.S. Department of Defense and GKN Aerospace St. Louis—as well any other agreements between GKN Aerospace St. Louis and the U.S. Government related to GKN Aerospace St. Louis's operations—is exclusively within Defendants' control.

53.     The Defense Counterintelligence and Security Agency of the United States, which is part of the U.S. Department of Defense, includes a draft SSA on its website.[13]  That draft SSA indicates that the parties to an SSA include the U.S. Department of Defense, the defense contractor, its foreign parent, and all parent companies in the ownership chain between the defense contractor and its foreign parent.  That draft SSA also contains numerous other provisions that restrain the

---

[13] *FOCI Mitigation Agreements,* DEF. COUNTERINTELLIGENCE & SEC. AGENCY, https://tinyurl.com/mh8r5rcp (navigate to "Special Security Agreement (SSA)" tab; then follow "Download a Sample SSA" hyperlink).

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

ability of the parent companies of a defense contractor to participate in the contractor's business affairs.

54.     On information and belief, GKN Aerospace St. Louis's ultimate parent Melrose, intermediate parent GKN Aerospace US Holdings, and direct parent GKN Aerospace Transparency Systems are parties to an SSA with GKN Aerospace St. Louis and the U.S. Department of Defense.  On information and belief, that agreement limits the ability of GKN Aerospace St. Louis's parent companies to interfere in the management and operation of GKN Aerospace St. Louis.

55.     On information and belief, Melrose, GKN Aerospace US Holdings, and GKN Aerospace Transparency Systems breached their obligations to the U.S. Government, including by breaching the provisions of their SSA with the U.S. Department of Defense, by ordering the shutdown of GKN Aerospace St. Louis and preventing it from fulfilling its contractual obligations to Boeing for the F-15 and F/A-18 programs.  On information and belief, these same Defendants also breached obligations they owed GKN Aerospace St. Louis under that same SSA by moving to shut down GKN Aerospace St. Louis.

**G.     *Melrose and the Controlling GKN Defendants Are Liable for the Actions of GKN Aerospace St. Louis***

56.     Melrose and the Controlling GKN Defendants are liable for the irreparable harm and damages caused by GKN Aerospace St. Louis's breaches of contract.  As detailed below, these Defendants dominate and control GKN Aerospace St. Louis and are using that control to force GKN Aerospace St. Louis to close and breach its contracts with Boeing.  These Defendants also failed to capitalize GKN Aerospace St. Louis and thus rendered it insolvent.  They have since touted that insolvency in an effort to escape liability for GKN Aerospace St. Louis's breaches and to force Boeing to take over GKN Aerospace St. Louis on unfavorable terms.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

**Melrose**

57.      Melrose runs the aerospace entities in the GKN corporate family as a broader enterprise, without regard to corporate formalities or legal separateness of the entities.  Melrose controls and dominates that enterprise and GKN Aerospace St. Louis.

58.      Melrose organizes the GKN corporate family into four different businesses: Auto, Metallurgy, Hydrogen, and Aerospace.

59.      Melrose operates the companies in the Aerospace business, including GKN Aerospace St. Louis and the Controlling GKN Defendants, as a broader enterprise that it calls "GKN Aerospace."   Melrose named a "Chief Executive Officer" to head GKN Aerospace. Melrose also centralized functions such as human resources, finance, legal services, and IT across all of GKN Aerospace and identified a single "functional leader" to supervise each of these functions across the GKN Aerospace enterprise.[14]  For example, Julie Smyth is the "General Counsel of Legal, Risk & Compliance" for GKN Aerospace, and Gwen Rouy-Poirier is the "Chief Financial Officer" for GKN Aerospace.[15]

60.      Melrose further split GKN Aerospace into three divisions—Defense, Civil, and Engines—with a "President" in charge of each.  The current President of the defense division is Shawn Black, and the current "Chief Financial Officer" of the defense division is Brian Clary.

61.      Melrose does not treat the GKN entities within GKN Aerospace as separate legal entities, but rather as "sites" or "offices" for GKN Aerospace's coordinated operations.  GKN Aerospace St. Louis is no exception.  Within months of Melrose's 2018 acquisition of GKN, GKN Aerospace St. Louis changed its name from GKN North America, Inc. to GKN Aerospace St.

---

[14] June Investor Presentation 14.

[15] *Id.*

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Louis LLC, presumably to make clear that it was the St. Louis site for GKN Aerospace's operations.  Melrose also refers to GKN corporate entities, including GKN Aerospace St. Louis, as "manufacturing sites" or "technology and innovation centres."[16]  Materials from Melrose's June 8, 2022 "Investor Day" presentation for GKN Aerospace refer to GKN Aerospace St. Louis as a "site" six times, repeatedly emphasizing "the future *site* closure of St. Louis"[17] and noting that GKN Aerospace St. Louis is just one of "38 manufacturing sites."[18]  A GKN Aerospace presentation on "Enterprise Consolidation Strategy" similarly refers to "the St. Louis, MO facility" as simply part of its "USA Footprint."  And the website for GKN Aerospace lists GKN Aerospace St. Louis as one of its "manufacturing sites" in North America.[19]  The employees who work at these sites and centers have email addresses that end in "@usa.gknaerospace.com."

62.     Legal documents incorporate the same phrasing.  For example, an agreement with one of the GKN Aerospace St. Louis unions about the planned closure of the St. Louis site describes GKN Aerospace St. Louis as the "GKN Aerospace, LLC St. Louis facility" and lists "GKN Aerospace"—not GKN Aerospace St. Louis—as a signatory.  Another agreement with one of GKN Aerospace St. Louis's unions similarly lists the signatory not as GKN Aerospace St. Louis, but as "GKN Aerospace - St. Louis Operations."

63.     Similarly, individuals who have executed contracts on behalf of GKN Aerospace St. Louis alternatively identify their employer as "GKN Aerospace St. Louis" and "GKN Aerospace."   In mid-2019, Keith Schrader signed an agreement between Boeing and GKN

---

[16] June Investor Presentation 13.

[17] June Investor Presentation 9, 10, 17, 19, 28 (emphasis added).

[18] June Investor Presentation 9.

[19] *GKN Aerospace in the Americas*, GKN AEROSPACE, https://tinyurl.com/3vj3du37 (last visited Nov. 29, 2022).

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Aerospace St. Louis as Vice President and General Manager of GKN Aerospace St. Louis, while publicly listing his employer as GKN Aerospace. Similarly, Carrie Patterson signed the Strategic Agreement related to the F-15 between Boeing and GKN Aerospace St. Louis as Contracts Manager at GKN Aerospace St. Louis, but also publicly listed her employer as GKN Aerospace.

64.    The GKN entities in Melrose's Aerospace business also operate as a single enterprise in practice. Individuals who work on-site at GKN Aerospace St. Louis report to employees and executives based in other cities and housed in other GKN Aerospace entities. For example, the Site Director for GKN Aerospace St. Louis (formerly David Higgins, now Braden Roth) reports to the President of GKN Advanced Defense Systems (formerly Paul Spaven, now David Higgins). Joshua Downs, a GKN Aerospace executive who works on-site at GKN Aerospace St. Louis, reports to the President of GKN Advanced Defense Systems and to the Vice President for U.S. Defense at GKN Aerospace, an executive based in the Dallas area.

65.    Program and customer management for GKN Aerospace St. Louis and other "sites" are also organized at a global level. For example, Patterson, the former Contracts Manager at GKN Aerospace St. Louis, had responsibilities for day-to-day contracting with Boeing on behalf of multiple companies under the GKN Aerospace umbrella, including not only GKN Aerospace St. Louis but also GKN entities in Alabama, California, and the Netherlands. Similarly, before the closure announcement, Downs worked with Boeing at every GKN site at which Boeing's defense division had a contract, including companies in the Netherlands. Brian Sinkiewicz, a GKN Aerospace executive based in the Dallas area, likewise works with Boeing leadership on Boeing contracts at GKN Aerospace companies worldwide. And Steve Carlin, the Director of Programs at GKN Advance Defense Systems, manages the program directors at all GKN Aerospace "sites," including GKN Aerospace St. Louis.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

66.     Executives based at other sites have also acted on behalf of GKN Aerospace St. Louis with respect to that entity's performance under its Boeing contracts.  For example, around March 2020, Boeing leadership began to have weekly meetings with Allen Vyce, then-Vice President for U.S. Defense at GKN Aerospace, based in the Dallas area, to discuss GKN Aerospace St. Louis's performance.  Vyce, along with Downs, gave a presentation to Boeing on March 17, 2021, detailing capital improvements to the St. Louis site and reviewing issues with parts ordered by Boeing pursuant to its contracts with GKN Aerospace St. Louis.  Vyce's successor, Sinkiewicz, likewise has attended meetings with Boeing to discuss GKN Aerospace St. Louis's contract performance.  Moreover, beginning in at least October 2021 and continuing until the closure announcement, Boeing had a weekly standing meeting with Sinkiewicz, Patterson, and Downs to discuss GKN Aerospace St. Louis's contract performance.

67.     Employees and executives within the GKN Aerospace enterprise also participated in the decision to close the St. Louis site.  For example:

a.      On February 10, 2022, Downs and Sinkiewicz, both GKN Aerospace executives, conveyed to Boeing that GKN Aerospace St. Louis was closing.

b.      On February 18, 2022, Boeing personnel attended a meeting in St. Louis with GKN Aerospace representatives Sinkiewicz (Vice President for U.S. Defense), Higgins (then-Site Director for GKN Aerospace St. Louis), Downs (Program Director for Boeing Defense), and Holly Clarke (Head of Legal – Defense) to discuss the closure of GKN Aerospace St. Louis and GKN Aerospace St. Louis's contract performance in light of the closure.

c.      That same day, Spaven (then-President of GKN Advanced Defense Systems), sent a letter to Boeing stating that GKN Aerospace St. Louis would close by the end of 2023.  The letterhead included the name "GKN Aerospace" in the top left corner and the name "GKN Aerospace – Advanced Defense Systems" in the top right corner.  Underneath "GKN Aerospace – Advanced Defense Systems," the letterhead listed an address in Garden Grove, California.  That address belongs to GKN Aerospace Transparency Systems, the direct corporate parent of GKN Aerospace St. Louis.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

d.     In a March 18, 2022 PowerPoint presentation, GKN Aerospace detailed its "Enterprise Consolidation Strategy," stating with respect to its "USA Footprint" that "GKN Aerospace will close the St. Louis, MO facility."

e.     At the end of March 2022, Boeing leadership met in St. Louis with executives and employees associated with GKN Aerospace, including Black (President of GKN Aerospace Defense), Spaven, Sinkiewicz, Downs, and Higgins.  The meeting addressed GKN Aerospace St. Louis's performance under its contracts with Boeing, a plan for ostensibly fulfilling GKN Aerospace St. Louis's contractual obligations in light of the closure announcement, and plans for the St. Louis facility.

f.     On April 5, 2022, Spaven sent a letter to Boeing identifying the parts "we" were willing to deliver by the end of 2023.  The letterhead identified only "GKN Aerospace" and listed the address of GKN Aerospace St. Louis as the address for "GKN Aerospace."

g.     On April 14, 2022, a Commercial Manager at the St. Louis site, Matt Kummer, sent a letter to a Boeing employee, James Sand.  The letter responded to Boeing's request for a formal assurance of performance from GKN Aerospace St. Louis and indicated that GKN Aerospace St. Louis would not fulfill all remaining purchase orders between GKN Aerospace St. Louis and Boeing as required.  Kummer signed the letter as "Commercial Manager | GKN Aerospace."

h.     On May 13, 2022, Boeing personnel attended a meeting with GKN Aerospace executives in St. Louis to discuss a "[w]ay forward for St Louis [t]ransition."  The GKN Aerospace CEO (David Paja), Deputy CFO (Richard Gough), General Counsel (Smyth), and Defense CFO (Clary) attended this meeting.

i.     On June 14, 2022, Spaven sent a letter to Boeing executive Penny White, stating that the "team at GKN St. Louis" remained ready to engage on a transition plan with Boeing to see if "we" could reach a fair and amicable solution.  The letterhead identified "GKN Aerospace" on the top left and "GKN Aerospace Inc." on the top right—and listed the address for GKN Aerospace St. Louis under "GKN Aerospace Inc."

j.     Boeing leadership has also had recurring meetings with GKN Aerospace executives and personnel to discuss issues related to the closure decision. Boeing leadership meets with Downs multiple times per week, with Black once per week, and with Paja at least every two weeks.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

68.     By Melrose's own admission, and as is self-evident, since its "'One Aerospace' transformation," individual manufacturing sites like GKN Aerospace St. Louis no longer "ac[t] as a different company" and instead are "fully integrated, one face to customers and suppliers."[20]

69.     Melrose controls GKN Aerospace and GKN Aerospace St. Louis.

70.     When it took control of the GKN entities, Melrose inserted its own directors on various of their boards.  Melrose and GKN Aerospace UK share at least three directors (Garry Elliot Barnes, Jonathon Colin Fyfe Crawford, and Geoffrey Damien Morgan).  On information and belief, these same three directors served on the board of GKN Aerospace St. Louis's U.S. parent, GKN Aerospace US Holdings, through at least October 2020.

71.     Melrose wholly owns GKN Aerospace St. Louis, holding its ownership interest through a chain of wholly owned subsidiaries that includes GKN Aerospace US Holdings and GKN Aerospace Transparency Systems.

72.     Melrose also makes business and financial decisions for GKN Aerospace St. Louis. On information and belief, GKN Aerospace St. Louis has no executive management team and does not hold its own corporate meetings.  Rather, employees on-site at GKN Aerospace St. Louis have indicated that they receive direction, including with regard to finances and program performance, from "across the pond," a reference to Melrose, a U.K. entity.  The former General Manager of GKN Aerospace St. Louis, Keith Schrader, worked with Melrose directly to get approval for capital improvements at GKN Aerospace St. Louis.  In addition, GKN Aerospace executives— including the President of Defense for GKN Aerospace, who is responsible in part for overseeing the St. Louis site—report directly to Melrose.

---

[20] June Investor Presentation 16.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

73.     Melrose has failed to adequately capitalize GKN Aerospace St. Louis.   For example, GKN Aerospace St. Louis has been unable to repair or replace critical machinery.  GKN Aerospace St. Louis is now insolvent.

74.     Melrose also provides a number of services directly to GKN Aerospace St. Louis. Melrose provides GKN Aerospace St. Louis with access to banks for the purpose of day-to-day banking, including setting up accounts and providing statements.  Melrose also holds insurance policies that cover GKN Aerospace St. Louis, and Melrose provides GKN Aerospace St. Louis with instructor-led training and a library of training videos and programs pursuant to its GKN Academy training program, which offers programming on finance, customer relationship management, communication skills, health, safety, and the environment.

75.     As indicated above, Melrose took a leading role in the decision to close GKN Aerospace St. Louis.  GKN Aerospace executive Downs told Boeing employees that Melrose made the decision to shut down GKN Aerospace St. Louis.  And in its Investor Day presentation on June 8, 2022, Melrose described closing the St. Louis site as one of its restructuring projects for GKN Aerospace.[21]  Melrose has also, in rebuffing would-be third-party buyers of GKN Aerospace St. Louis, represented that its plan for the St. Louis site is closure.

### GKN Aerospace UK

76.     GKN Aerospace UK is intermingled with and plays a role in making business decisions for GKN Aerospace St. Louis.  The CEO of GKN Aerospace UK, David Paja, is also the CEO of GKN Aerospace.  GKN Aerospace UK also provides human resources services and benefits and compensation administration and programs to GKN Aerospace St. Louis, including health insurance and 401(k) plans.  And GKN Aerospace UK provides the St. Louis site with the

---

[21] June Investor Presentation 19.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

platforms and technology used to manage performance development and organizational planning processes.

77.     GKN Aerospace UK's control over GKN Aerospace St. Louis is also reflected in the role it has played in the decision to close the St. Louis site.  GKN Aerospace UK sent its executives to St. Louis to discuss the closure decision with Boeing.  As described above, Paja, the GKN Aerospace UK CEO, attended the meeting with Boeing on May 13, 2022, to discuss a "[w]ay forward for [the] St Louis [t]ransition."

78.     GKN Aerospace UK is also the entity that sends Boeing financial information for all GKN entities with whom Boeing has a contract.

## GKN Advanced Defense Systems

79.     GKN Advanced Defense Systems is a division within GKN Aerospace that is intermingled with and participates in the oversight and management of the day-to-day operations of various GKN Aerospace manufacturing sites, including GKN Aerospace St. Louis.

80.     The Site Director at GKN Aerospace St. Louis reports to the President of GKN Advanced Defense Systems.  The individuals recently in these positions (Roth, Higgins, and Spaven) have had email addresses with an "@gknads" suffix, suggesting employment by or association with the "Advanced Defense Systems" entity.

81.     Downs, another GKN Aerospace executive who works on-site at GKN Aerospace St. Louis, has listed his title as "Programs Director Boeing Defense, GKN Advanced Defense Systems" on communications with Boeing regarding GKN Aerospace St. Louis.  Downs also reports to the President of GKN Advanced Defense Systems.

82.     Spaven, using a GKN Advanced Defense Systems digital signature, signed binding legal agreements on behalf of GKN Aerospace Transparency Systems, GKN Aerospace St. Louis's direct parent, and GKN Aerospace St. Louis.

26

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

83.     Higgins, Downs, and Spaven also participated in the execution of the closure decision, as explained above.  In particular, Higgins and Downs attended the February 18, 2022 meeting where Boeing was informed that GKN Aerospace St. Louis would close at the end of 2023 and that GKN Aerospace St. Louis would not accept orders from Boeing with a period of performance beyond that time frame.  And Spaven sent letters to Boeing on February 18, 2022, April 5, 2022, and June 14, 2022, in connection with the St. Louis site closure.  On each letter, he listed his title as "President, GKN Advanced Defense Systems."

84.     As one final example, the Director of Commercial for GKN Advanced Defense Systems, Lori Rece, emailed a Boeing employee on March 24, 2022, to discuss "work[ing] together to minimize the impacts of the St. Louis closure" on Boeing.  She indicated that GKN Aerospace St. Louis intended to reject any order placed by Boeing that could not be delivered before the closure of GKN Aerospace St. Louis.  Rece is based in Newington, Connecticut, the location of GKN Aerospace Newington.

### GKN Aerospace, Inc.

85.     On information and belief, GKN Aerospace, Inc., which is located in the Dallas, Texas area, is the U.S. headquarters of GKN Aerospace.  The GKN Aerospace website states that GKN Aerospace's U.S. headquarters are in Dallas, Texas and describes GKN Aerospace, Inc. as its only "office" in the United States (in distinction from manufacturing sites such as GKN Aerospace St. Louis).

86.     GKN Aerospace, Inc. takes direction from Melrose and is intermingled with and plays a role in making business and operational decisions for GKN Aerospace St. Louis.  Boeing employees have been told that GKN Aerospace St. Louis receives direction at least in part from "Dallas," a likely reference to GKN Aerospace, Inc.  GKN Aerospace executives—such as Black, Vyce, and Sinkiewicz—are based in the Dallas area.  Spaven's letter to Boeing on June 14, 2022,

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

regarding the closure of the St. Louis site and GKN Aerospace St. Louis's performance issues, identified GKN Aerospace, Inc. on the letterhead.  Moreover, GKN Aerospace, Inc. provides services for GKN Aerospace St. Louis, including: sponsoring the plan that provides group insurance programs; negotiating and providing workers compensation benefits; providing guidance on environmental, health, and safety best practices; selecting the third-party entities that provide IT services; and providing legal advice.  GKN Aerospace, Inc. also prepares state and federal tax returns for GKN Aerospace St. Louis.

87.    GKN Aerospace, Inc. receives all of GKN Aerospace St. Louis's revenues and in turn provides GKN Aerospace St. Louis funds to sustain operations.  GKN Aerospace St. Louis thus does not manage its own finances, and it holds little to no cash.  GKN Aerospace, Inc.'s transfers to GKN Aerospace St. Louis have been insufficient to adequately capitalize GKN Aerospace St. Louis, which is insolvent.

88.    GKN Aerospace, Inc. likewise receives all of the revenues of GKN Aerospace Aerostructures, the guarantor on GKN Aerospace St. Louis's contracts with Boeing.

### GKN Aerospace US Holdings

89.    GKN Aerospace US Holdings is the ultimate U.S.-entity parent of the U.S. GKN manufacturing sites and of GKN Aerospace, Inc.  GKN Aerospace US Holdings solely owns GKN Aerospace St. Louis, holding its ownership interest through its wholly owned subsidiary GKN Aerospace Transparency Systems.

90.    GKN Aerospace US Holdings' agents have participated in meetings with Boeing about the closure of GKN Aerospace St. Louis.  Clarke, the Head of Legal – Defense for GKN Aerospace, is also an officer of GKN Aerospace US Holdings and is authorized to sign legal documents on behalf of GKN Aerospace US Holdings.

28

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

91.     On information and belief, Clarke is also an employee of GKN Aerospace, Inc.  She is based in the Dallas area, where GKN Aerospace, Inc. has an office.

**GKN Aerospace Transparency Systems**

92.     GKN Aerospace Transparency Systems is the parent company of GKN Aerospace St. Louis and is the sole direct owner of GKN Aerospace St. Louis.

93.     Spaven, while President of GKN Advanced Defense Systems, also served as President of GKN Aerospace Transparency Systems and GKN Aerospace St. Louis.

94.     GKN Aerospace Transparency Systems also participated in the decision to close GKN Aerospace St. Louis.  The "formal notification that GKN will close its St. Louis manufacturing facility" that Boeing received by letter dated February 18, 2022 listed GKN Aerospace Transparency Systems' address on the letterhead.

**GKN Aerospace Aerostructures**

95.     GKN Aerospace Aerostructures is the guarantor of GKN Aerospace St. Louis's contracts with Boeing.  It is the direct parent of GKN Aerospace Wellington, one of GKN Aerospace's "manufacturing sites" in the United States.[22]

96.     As with the other entities within GKN Aerospace, Melrose runs GKN Aerospace Aerostructures without regard to corporate formalities or corporate separateness.  GKN Aerospace Aerostructures transfers all of its funds to GKN Aerospace, Inc., and relies on GKN Aerospace, Inc. for funding.

97.     Melrose has also threatened to cut off funds to GKN Aerospace Aerostructures' subsidiary, GKN Aerospace Wellington, if Boeing attempts to enforce GKN Aerospace Aerostructures' guarantee of GKN Aerospace St. Louis's obligations.   The CEO of GKN

---

[22] *Locations*, GKN AEROSPACE, https://tinyurl.com/2u2z4jmw (last visited Nov. 29, 2022).

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Aerospace UK and GKN Aerospace explained that although "GKN" currently plans to "increase[] investment in the Wellington site," "[a]ny attempt by Boeing Defense to exercise the Guarantee related to GKN Aerospace St Louis against GKN Aerospace Aerostructures would jeopardize our ability to execute our current plan and leave no option but to cease any further funding into the Wellington site."

### GKN Aerospace Wellington

98.    As explained above, GKN Aerospace Wellington is a subsidiary of GKN Aerospace Aerostructures, the guarantor of GKN Aerospace St. Louis's contracts with Boeing. GKN Aerospace Wellington is one of the GKN Aerospace "manufacturing sites" in the United States.  Boeing's commercial airplanes division has contracts with GKN Aerospace Wellington, including for parts for the 787 and 737 aircraft.

99.    As with the other entities within GKN Aerospace, Melrose runs GKN Aerospace Wellington without regard to corporate formalities or corporate separateness.  For example, when Melrose decided in March 2022 to close GKN Aerospace Monitor Inc.—a GKN Aerospace "site" in New York—Melrose announced that it would transition the site's work to GKN Aerospace Wellington.

100.    As just explained, Melrose has attempted to escape liability for ordering the closure of GKN Aerospace St. Louis by leveraging its control and domination of its alter ego GKN Aerospace Wellington.  Specifically, Melrose has threatened to "cease any further funding into the Wellington site" if Boeing attempts to enforce its guarantee against GKN Aerospace Aerostructures.  Put another way, Melrose is willing—and believes it is able—to force GKN Aerospace Wellington to breach its agreements with Boeing.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

**GKN Aerospace Newington**

101.    GKN Aerospace Newington is one of the subsidiaries of GKN Aerospace, Inc., the U.S. headquarters of GKN Aerospace.  GKN Aerospace Newington is one of the GKN Aerospace "manufacturing sites" in the United States.

102.    Melrose runs GKN Aerospace Newington without regard to corporate formalities or corporate separateness.  For example, a GKN Aerospace employee based at GKN Aerospace Newington, Lori Rece, has discussed GKN Aerospace St. Louis's performance under its contracts with Boeing.  GKN Aerospace executives have also copied Rece on communications about GKN Aerospace St. Louis's closure, including Spaven's February 18, 2022 closure notification letter.

*       *       *

103.    In sum, Melrose runs GKN Aerospace St. Louis and the Controlling GKN Defendants not as separate companies, but as part of "GKN Aerospace," an integrated enterprise of all aerospace entities controlled by Melrose.  Consistent with Melrose's vision for its "One Aerospace" transformation, its aerospace entities truly are "fully integrated, one face to customers and suppliers."

104.    The graphic below illustrates Melrose's and the Controlling GKN Defendants' control and domination of GKN Aerospace St. Louis within GKN Aerospace.  The blue arrows reflect domination and control, while the green arrows indicate financial transfers.



Domination and Control of GKN Aerospace St. Louis by Melrose and the Controlling GKN Defendants

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

105.   The graphic below summarizes key elements of each entity's domination and control over GKN Aerospace St. Louis, as well as key indicators that GKN Aerospace St. Louis fails to observe corporate formalities.



Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

**H.** *Melrose Rendered GKN Aerospace St. Louis Insolvent*

106.    Melrose and the interrelated and interchangeable Controlling GKN Defendants have made clear that they intend to try to walk away from the contractual obligations of GKN Aerospace St. Louis, suggesting that GKN Aerospace St. Louis is "judgment proof" and threatening Boeing to deter it from seeking recourse from GKN Aerospace St. Louis's guarantor.

107.    Indeed, GKN Aerospace St. Louis and its guarantor, GKN Aerospace Aerostructures, are insolvent, and neither entity holds cash.  Both entities transfer all of their funds to GKN Aerospace, Inc., rendering themselves insolvent or ensuring they remain insolvent.  On information and belief, neither GKN Aerospace St. Louis nor GKN Aerospace Aerostructures receives reasonably equivalent value for these transfers to GKN Aerospace, Inc.

108.    On information and belief, Melrose has directed GKN Aerospace St. Louis and GKN Aerospace Aerostructures to transfer all of their funds to GKN Aerospace, Inc., and did so to minimize exposure and avoid paying a claim to Boeing.

109.    GKN Aerospace has pointed to the poor financial condition of GKN Aerospace St. Louis and GKN Aerospace Aerostructures to attempt to escape accountability for GKN Aerospace St. Louis's contractual breaches.   When Boeing reminded GKN Aerospace St. Louis of its contractual obligations to continue to accept Boeing's orders placed through September 2023 and December 2023, Paja, the CEO of GKN Aerospace, responded, "You've seen my balance sheet." The clear implication of this statement was that Paja believes GKN Aerospace St. Louis is judgment proof and could walk away without regard for its creditors.

110.    As explained above, Paja has also threatened Boeing against attempting to enforce the Guarantee Agreement.  He represented to Boeing that "GKN is currently planning on increased investment in the Wellington site [operated by a subsidiary of GKN Aerospace Aerostructures]

34

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

which predominantly serves Boeing's commercial business including the B787 and B737."
According to Paja, "[a]ny attempt by Boeing Defense to exercise the Guarantee related to GKN
Aerospace St. Louis against GKN Aerospace Aerostructures Inc[.] would jeopardize [GKN's]
ability to execute [GKN's] current plan and leave no option but to cease any further funding into
the Wellington site."

## I.     *Boeing Satisfied All Contractual Prerequisites to Bringing Suit*

111.    Boeing has satisfied all contractual prerequisites to filing this Petition.  GP7
requires that before filing suit, a party must give "written notice of any dispute detailing the nature
of the dispute that arises out of or relates to the Contract or the parties' performance hereunder."[23]
The parties must then "attempt in good faith to resolve such dispute promptly by negotiation."[24]
If the dispute "cannot be settled by mutual agreement," then it "may be decided by a court of
competent jurisdiction."[25]

112.    On February 25, 2022, Boeing sent GKN Aerospace St. Louis a letter expressly
reserving "all rights and remedies under the Strategic Agreements, … the purchase contracts issued
under the Strategic Agreements, at law and in equity."  Boeing explained that the formal closure
notification from GKN Aerospace St. Louis constituted a material breach of the Strategic
Agreements.

113.    On May 26, 2022, Boeing sent a Notice of Dispute letter to Paja, Spaven, and
Melrose, detailing GKN Aerospace St. Louis's breaches and requesting the opportunity to engage
in negotiations to achieve a resolution.

---

[23] Ex. C art. 36(b).

[24] *Id.*

[25] *Id.* art. 36(a).

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

114.     Paja, on behalf of GKN Aerospace UK, and Spaven, on behalf of GKN Advanced Defense Systems, responded to Boeing's notice of dispute on June 15, 2022, and June 14, 2022, respectively, suggesting that Boeing and GKN Aerospace St. Louis engage on a "transition plan"—*i.e.*, Melrose's offer to transfer the St. Louis site to Boeing.

115.     On November 14, 2022, Boeing sent a letter to Paja and Higgins supplementing the May 26, 2022 Notice of Dispute letter by identifying purchase contracts that GKN repudiated or materially breached.  On November 15, 2022, Boeing sent the same letter to Melrose.

116.     On November 17, 2022, White, on behalf of Boeing, and Paja, on behalf of GKN Aerospace St. Louis, negotiated the claims described in Boeing's May 26, 2022 and November 14, 2022 Notice of Dispute letters.  Representatives for Boeing and GKN Aerospace St. Louis also participated in numerous other discussions—both before and after November 17, 2022—to attempt to resolve Boeing's claims.

## VI.     CLAIMS FOR RELIEF

### <u>COUNT I: BREACH OF CONTRACT</u>
**(Against all Defendants)**

117.     Plaintiff incorporates by reference each of the preceding paragraphs as if set forth herein.

118.     GKN Aerospace St. Louis had contractual obligations to Boeing and breached those obligations, causing irreparable harm and significant monetary damages.

119.     Under the Strategic Agreements, GKN Aerospace St. Louis agreed to fulfill Boeing's orders for parts for F/A-18 and F-15 aircraft through September 30, 2023 and December 31, 2023, respectively, even if GKN's period of performance to fulfill those orders extended past those dates.

36

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

120.    Boeing and GKN Aerospace St. Louis also entered into a number of purchase contracts, pursuant to which GKN Aerospace St. Louis agreed to produce and deliver to Boeing a specified number of parts, regardless of whether the part numbers were included in the Strategic Agreements, within a specified timeframe.[26]

121.    GKN Aerospace St. Louis breached these agreements:

a.    GKN Aerospace St. Louis repudiated multiple purchase contracts when it made clear that it will not deliver parts subject to purchase contracts that it already accepted.  An April 5, 2022 letter identifying the parts GKN Aerospace St. Louis planned to deliver between that date and the end of 2023 omitted hundreds of parts included in previously accepted purchase contracts.  And recent projections from GKN Aerospace St. Louis show that it will fail to deliver thousands of parts included in previously accepted purchase contracts.

b.    GKN Aerospace St. Louis further violated its obligations under the Strategic Agreements to accept all orders placed by Boeing when it rejected Boeing purchase orders after the announcement of the closure of the St. Louis site, both for parts that would require production past the third quarter of 2023 and for parts that would not.  In total thus far, GKN Aerospace St. Louis has refused to accept orders to manufacture and deliver more than 7,000 parts.

c.    GKN Aerospace St. Louis has also repeatedly made clear that it will continue to repudiate its obligations under the Strategic Agreements by not processing any future orders for parts that would extend production past the third quarter of 2023.  Despite a recent assertion, made in a filing against Boeing, that GKN Aerospace St. Louis would fulfill some number of orders in 2024, it has provided no specifics as to how or when it might make good on that commitment.

---

[26] These include Purchase Contract Nos. 1248358, 1547839, 1627148, 1668221, 1717151, 1748971, 1749275, 1768816, 1852425, 1881399, 1889856, 1894231, 1903432, 1914184, 1919464, 1937313, 1938051, 1949711, 1949734, 1949736, 1959922, 1974183, 2003437, 2006811, 2056230, 2057460, 2057569, 2060898, 2104746, 2106253, 2106864, 2111624, 2169233, 2178053, 2201034, 2217964, and 2280032.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

122.    Melrose and the Controlling GKN Defendants are liable for GKN Aerospace St. Louis's breaches of contract because GKN Aerospace St. Louis is merely their alter ego and/or instrumentality.

123.    As explained above, these Defendants control and dominate GKN Aerospace St. Louis.  Melrose controls GKN Aerospace St. Louis, and runs it and the Controlling GKN Defendants as a single enterprise known as "GKN Aerospace."  Within GKN Aerospace, GKN Aerospace St. Louis and the Controlling GKN Defendants meld together—the Controlling GKN Defendants make business decisions for GKN Aerospace St. Louis and discuss GKN Aerospace St. Louis's contract performance with Boeing.  GKN Aerospace St. Louis lacks its own executive team, and all major decisions—including the closure decision—are made for it by Melrose and the Controlling GKN Defendants.

124.    Melrose and the Controlling GKN Defendants used this control to commit fraud or wrong, violate a statutory or other positive legal duty, or commit a dishonest and unjust act in contravention of Boeing's legal rights.  For example, Defendants:

    a.    are closing GKN Aerospace St. Louis to avoid performance on and escape liability for its contracts with Boeing;

    b.    used the threat of GKN Aerospace St. Louis's limited liability to force Boeing to take over GKN Aerospace St. Louis and its attendant liabilities;

    c.    failed to adequately capitalize GKN Aerospace St. Louis;

    d.    rendered GKN Aerospace St. Louis and its guarantor insolvent; and

    e.    interfered in the business affairs of GKN Aerospace St. Louis in a manner that, on information and belief, violated their obligations to the U.S. Government.

125.    As a direct and proximate cause of the aforesaid control and breaches of duty, GKN Aerospace St. Louis breached its agreements with Boeing and caused Boeing irreparable harm and

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

vast damages which, as a further result of Defendants' actions, GKN Aerospace St. Louis is unable to pay.

## COUNT II: SPECIFIC PERFORMANCE
### (Against all Defendants)

126.    Plaintiff incorporates by reference each of the preceding paragraphs as if set forth herein.

127.    As explained above, GKN Aerospace St. Louis—under the control and direction of Melrose and the Controlling GKN Defendants—breached its agreements with Boeing after Boeing had performed as required under those agreements.

128.    Boeing lacks an adequate remedy at law for GKN Aerospace St. Louis's breach of its contracts with Boeing with respect to certain critical parts, including many highly complex assemblies that cannot currently be manufactured by anyone other than GKN Aerospace St. Louis. If GKN Aerospace St. Louis does not provide these parts when Boeing needs them, Boeing will suffer irreparable harm by way of manufacturing delays and supply chain disruption, threatening missed deliveries, reputational harm, and the loss of future business.

129.    The only adequate remedy for Defendants' breaches is specific performance. Indeed, the parties' agreements acknowledge money damages would not be an adequate remedy for breach.[27]   GKN Aerospace St. Louis must resume accepting purchase orders for and manufacturing these critical parts to prevent the irreparable harm caused by Defendants' breaches.

---

[27] *See* Ex. C, Attach. A, art. 37(b).

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

## COUNT III: TORTIOUS INTERFERENCE WITH CONTRACT
### (Against Melrose Industries PLC, GKN Aerospace US Holdings LLC, and GKN Aerospace Transparency Systems Inc.)

130.    Plaintiff incorporates by reference each of the preceding paragraphs as if set forth herein.

131.    Melrose, GKN Aerospace US Holdings, and GKN Aerospace Transparency Systems knew about Boeing's contracts with GKN Aerospace St. Louis, yet intentionally interfered with those contracts without justification, causing significant monetary damages and irreparable harm.

132.    As explained above, Boeing has a number of contracts with GKN Aerospace St. Louis, including two Strategic Agreements.  Under those contracts, Boeing agreed to purchase all of its requirements for enumerated parts from GKN Aerospace St. Louis, and GKN Aerospace St. Louis agreed to fulfill Boeing's orders for parts for F/A-18 and F-15 aircraft through September 30, 2023 and December 31, 2023, respectively.  Boeing and GKN Aerospace St. Louis also entered into a number of purchase contracts, pursuant to which GKN Aerospace St. Louis agreed to produce and deliver to Boeing a specified number of parts.

133.    Melrose, GKN Aerospace US Holdings, and GKN Aerospace Transparency Systems knew of Boeing's contracts with GKN Aerospace St. Louis.  For example, the CEO of Melrose visited St. Louis in connection with the acquisition of GKN Aerospace St. Louis, and met with Boeing employees to discuss the work GKN Aerospace St. Louis performed pursuant to its contracts with Boeing.   Officers of GKN Aerospace US Holdings and GKN Aerospace Transparency Systems, at the direction of Melrose, also discussed GKN Aerospace St. Louis's contracts as part of their plan to close the St. Louis site.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

134.    Despite this knowledge, Melrose, GKN Aerospace US Holdings, and GKN Aerospace Transparency Systems intentionally interfered with Boeing's contracts with GKN Aerospace St. Louis by directing and/or participating in the decision to close GKN Aerospace St. Louis by the end of 2023.

135.    As explained above, this intentional interference caused GKN Aerospace St. Louis to breach its contracts with Boeing.

136.    Melrose, GKN Aerospace US Holdings, and GKN Aerospace Transparency Systems lacked justification to direct and/or participate in the decision to close GKN Aerospace St. Louis by the end of 2023.  On information and belief, Melrose, GKN Aerospace US Holdings, and GKN Aerospace Transparency Systems were required, pursuant to federal regulations and their commitments and representations to the U.S. Department of Defense and to GKN Aerospace St. Louis, not to interfere in GKN Aerospace St. Louis's business affairs in this manner.

137.    As a direct and proximate cause of the actions of Melrose, GKN Aerospace US Holdings, and GKN Aerospace Transparency Systems, Boeing suffered and will continue to suffer damages and irreparable harm.

### COUNT IV: ACTUAL FRAUDULENT TRANSFER
### Mo. Rev. Stat. § 428.024
### (Against GKN Aerospace St. Louis LLC and GKN Aerospace, Inc.)

138.    Plaintiff incorporates by reference each of the preceding paragraphs as if set forth herein.

139.    Boeing is a creditor of GKN Aerospace St. Louis because it has contracts with GKN Aerospace St. Louis, pursuant to which Boeing has rights to payment by GKN Aerospace St. Louis for damages for breach of those contracts.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

140.    Since at least February 10, 2022, GKN Aerospace St. Louis knew it would not continue to perform its contractual obligations to Boeing.  Boeing informed GKN Aerospace St. Louis that it would be asserting contract breach claims on or about May 26, 2022.

141.    With full knowledge of Boeing's claims against it, GKN Aerospace St. Louis has been transferring all of its revenues to GKN Aerospace, Inc., leaving GKN Aerospace St. Louis insolvent, with no cash, and with insufficient assets to pay Boeing's claims.

142.    After GKN Aerospace St. Louis announced that it would close at the end of 2023, when Boeing reminded GKN Aerospace St. Louis about its contractual obligations, the CEO of GKN Aerospace remarked, "You've seen my balance sheet," suggesting that Boeing's claims did not concern him because GKN Aerospace St. Louis had no assets and therefore was judgment proof.

143.    Since that time, GKN Aerospace St. Louis has continued to transfer all funds it receives to GKN Aerospace, Inc., away from the reach of Boeing and GKN Aerospace St. Louis's other creditors.

144.    On information and belief, GKN Aerospace St. Louis transferred these funds with the actual intent to hinder, delay, or defraud Boeing out of the contractual damages to which it would be entitled for GKN Aerospace St. Louis's breaches.

### COUNT V: ACTUAL FRAUDULENT TRANSFER
**Mo. Rev. Stat. § 428.024**
**(Against GKN Aerospace Aerostructures, Inc. and GKN Aerospace, Inc.)**

145.    Plaintiff incorporates by reference each of the preceding paragraphs as if set forth herein.

146.    GKN Aerospace Aerostructures agreed with Boeing to guarantee GKN Aerospace St. Louis's performance of its contracts with Boeing.  GKN Aerospace St. Louis has since breached

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

its obligations under its contracts with Boeing, making GKN Aerospace Aerostructures liable under the Guarantee.

147.    Boeing is therefore a creditor of GKN Aerospace Aerostructures because it has a contract with GKN Aerospace Aerostructures under which it has a right to payment.

148.    GKN Aerospace Aerostructures has been aware of GKN Aerospace St. Louis's breach and repudiation of its obligations under its contracts with Boeing and GKN Aerospace Aerostructures' liability under the Guarantee since at least February 10, 2022.

149.    Nonetheless, in full awareness of its obligations to Boeing, GKN Aerospace Aerostructures has been transferring all of its revenues to GKN Aerospace, Inc., leaving GKN Aerospace Aerostructures insolvent, with no cash, and with insufficient assets to pay Boeing's claims under the Guarantee.

150.    When Boeing informed GKN Aerospace of the potential liability of GKN Aerospace Aerostructures under the Guarantee for GKN Aerospace St. Louis's breaches of contract, Paja, the GKN Aerospace CEO, threatened that GKN Aerospace Aerostructures had insufficient funds to both satisfy its obligations under the Guarantee and continue to perform other, unrelated Boeing contracts.

151.    Nonetheless, GKN Aerospace Aerostructures has continued to transfer all cash it receives to GKN Aerospace, Inc., away from the reach of Boeing and GKN Aerospace Aerostructures' other creditors.

152.    On information and belief, GKN Aerospace Aerostructures transferred funds with the intent to hinder, delay, or defraud Boeing out of payments it is owed under the Guarantee with GKN Aerospace Aerostructures.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

## COUNT VI: CONSTRUCTIVE FRAUDULENT TRANSFER
### Mo. Rev. Stat. § 428.029.1
### (Against GKN Aerospace St. Louis LLC and GKN Aerospace, Inc.)

153.    Plaintiff incorporates by reference each of the preceding paragraphs as if set forth herein.

154.    Boeing is a creditor of GKN Aerospace St. Louis because it has contracts with GKN Aerospace St. Louis, pursuant to which Boeing has rights to payment by GKN Aerospace St. Louis for damages for breach of those contracts.

155.    At all relevant times, GKN Aerospace St. Louis has transferred all of the cash it receives to GKN Aerospace, Inc.

156.    Upon information and belief, GKN Aerospace St. Louis has not received anything of reasonably equivalent value for the transfer of its assets to GKN Aerospace, Inc.

157.    At the time of these transfers, GKN Aerospace St. Louis had no other cash, and its liabilities to Boeing and its other creditors exceeded the fair value of its other assets.

158.    GKN Aerospace St. Louis was therefore insolvent at the time of the transfers because its liabilities exceeded its assets, and because its lack of cash made it unable to pay its debts as they became due.

159.    In addition, by transferring cash that could have been used to pay Boeing and GKN Aerospace St. Louis's other creditors, GKN Aerospace St. Louis rendered itself insolvent and/or ensured that it would remain insolvent with every transfer.

## COUNT VII: CONSTRUCTIVE FRAUDULENT TRANSFER
### Mo. Rev. Stat. § 428.029.1
### (Against GKN Aerospace Aerostructures, Inc. and GKN Aerospace, Inc.)

160.    Plaintiff incorporates by reference each of the preceding paragraphs as if set forth herein.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

161.    Boeing is a creditor of GKN Aerospace Aerostructures because it has a contract under which GKN Aerospace Aerostructures agreed to guarantee performance by GKN Aerospace St. Louis of its contract with Boeing.

162.    Since at least February 10, 2022, GKN Aerospace St. Louis has been in breach of its contracts with Boeing, triggering a right to payment from GKN Aerospace Aerostructures under the Guarantee.

163.    At all relevant times, GKN Aerospace Aerostructures has transferred all of the cash it receives to GKN Aerospace, Inc.

164.    Upon information and belief, GKN Aerospace Aerostructures has not received anything of reasonably equivalent value for the transfer of its assets to GKN Aerospace, Inc.

165.    At the time of these transfers, GKN Aerospace Aerostructures had no other cash, and its liabilities to Boeing and its other creditors exceeded the fair value of its other assets.

166.    GKN Aerospace Aerostructures was therefore insolvent at the time of the transfers because its liabilities exceeded its assets, and because its lack of cash made it unable to pay its debts as they became due.

167.    In addition, by transferring cash that could have been used to pay Boeing and GKN Aerospace Aerostructures' other creditors, GKN Aerospace Aerostructures rendered itself insolvent and/or ensured that it would remain insolvent with every transfer.

## COUNT VIII: PREFERENTIAL TRANSFER
### Mo. Rev. Stat. § 428.029.2
### (Against GKN Aerospace St. Louis LLC and GKN Aerospace, Inc.)

168.    Plaintiff incorporates by reference each of the preceding paragraphs as if set forth herein.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

169.    Boeing is a creditor of GKN Aerospace St. Louis because it has contracts with GKN Aerospace St. Louis, pursuant to which Boeing has rights to payment by GKN Aerospace St. Louis for damages for breach of those contracts.

170.    At all relevant times, GKN Aerospace St. Louis was an affiliate of GKN Aerospace, Inc., and GKN Aerospace, Inc. controlled GKN Aerospace St. Louis.

171.    At all relevant times, GKN Aerospace St. Louis has transferred all of the cash it receives to GKN Aerospace, Inc.

172.    To the extent that GKN Aerospace St. Louis made these transfers to GKN Aerospace, Inc. in satisfaction of an obligation to repay GKN Aerospace, Inc. for funds provided to GKN Aerospace St. Louis, such transfers were payments to an insider on account of an antecedent debt.

173.    At the time of these transfers, GKN Aerospace St. Louis had no other cash, and its liabilities to Boeing and its other creditors exceeded the fair value of its other assets.

174.    GKN Aerospace St. Louis was therefore insolvent at the time of the transfers because its liabilities exceeded its assets, and because its lack of cash made it unable to pay its debts as they became due.

175.    In addition, by transferring cash that could have been used to pay Boeing and GKN Aerospace St. Louis's other creditors, GKN Aerospace St. Louis rendered itself insolvent and/or ensured that it would remain insolvent with every transfer.

176.    GKN Aerospace, Inc. had reasonable cause to believe that GKN Aerospace St. Louis was insolvent at the time of the transfer because of GKN Aerospace, Inc.'s extensive control over GKN Aerospace St. Louis.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

**COUNT IX: PREFERENTIAL TRANSFER**
Mo. Rev. Stat. § 428.029.2
**(Against GKN Aerospace Aerostructures, Inc. and GKN Aerospace, Inc.)**

177.     Plaintiff incorporates by reference each of the preceding paragraphs as if set forth herein.

178.     Boeing is a creditor of GKN Aerospace Aerostructures because it has a contract under which GKN Aerospace Aerostructures agreed to guarantee performance by GKN Aerospace St. Louis of its contract with Boeing.

179.     Since at least February 10, 2022, GKN Aerospace St. Louis has been in breach of its contracts with Boeing, triggering a right to payment from GKN Aerospace Aerostructures under the Guarantee.

180.     At all relevant times, GKN Aerospace Aerostructures was an affiliate of GKN Aerospace, Inc., and, on information and belief, GKN Aerospace, Inc. controlled GKN Aerospace Aerostructures.

181.     At all relevant times, GKN Aerospace Aerostructures has transferred all of the cash it receives to GKN Aerospace, Inc.

182.     To the extent that GKN Aerospace Aerostructures made these transfers to GKN Aerospace, Inc. in satisfaction of an obligation to repay GKN Aerospace, Inc. for funds provided to GKN Aerospace Aerostructures, such transfers were payments to an insider on account of an antecedent debt.

183.     At the time of these transfers, GKN Aerospace Aerostructures had no other cash, and its liabilities to Boeing and its other creditors exceeded the fair value of its other assets.

184.     GKN Aerospace Aerostructures was therefore insolvent at the time of the transfers because its liabilities exceeded its assets, and because its lack of cash made it unable to pay its debts as they became due.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

185.    In addition, by transferring cash that could have been used to pay Boeing and GKN Aerospace Aerostructures' other creditors, GKN Aerospace Aerostructures rendered itself insolvent and/or ensured that it would remain insolvent with every transfer.

186.    On information and belief, GKN Aerospace, Inc. had reasonable cause to believe that GKN Aerospace Aerostructures was insolvent at the time of the transfer.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

187.    Specific performance and permanent injunctive relief:

a.    requiring GKN Aerospace St. Louis, its agents, successors, employees, and those acting in concert with GKN Aerospace St. Louis to accept—until September 30, 2023 (for F/A-18 parts) and December 31, 2023 (for F-15 parts)—orders for, and thereafter produce and deliver to Boeing, the critical part numbers that only GKN Aerospace St. Louis is currently capable of manufacturing;

b.    requiring GKN Aerospace St. Louis, its agents, successors, employees, and those acting in concert with GKN Aerospace St. Louis to continue to produce and deliver parts pursuant to purchase contracts GKN Aerospace St. Louis has already accepted; and

c.    preventing any Defendant from acting in concert with GKN Aerospace St. Louis to take any action inconsistent with its obligations to Boeing under the terms of the parties' contracts;

188.    Monetary damages in excess of $25,000 sufficient to compensate Boeing for all forms of loss, including incidental and consequential damages, caused by GKN Aerospace St. Louis's intentional breaches of contract;

189.    Such damages as are fair and reasonable for Defendants' tortious conduct;

190.    Interest as permitted by law;

191.    Attorneys' fees, expenses, and recoverable costs incurred in connection with this action; and

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

192.    All other relief as this Court may deem just, equitable, or appropriate in the circumstances.

Dated: December 21, 2022

Respectfully submitted,

/s/ James F. Bennett
James F. Bennett, 46826
Jeff Hoops, 69813
DOWD BENNETT LLP
7676 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
Tel: (314) 889-7300
Facsimile: (314) 863-2111
jbennett@dowdbennett.com

Matthew A. Kairis (*pro hac* forthcoming)
JONES DAY
2727 N. Harwood St.,
Dallas, TX 75201
Tel: (214) 220-3939
Facsimile: (214) 969-5100
makairis@jonesday.com

Christopher DiPompeo (*pro hac* forthcoming)
Nathaniel G. Ward (*pro hac* forthcoming)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Tel: (202) 879-3939
Facsimile: (202) 626-1700
cdipompeo@jonesday.com
nward@jonesday.com

*Attorneys for Plaintiff The Boeing Company*

22SL-CC05336

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

# EXHIBIT A

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



**BDS Supply Chain**
**Strategic Contracting**

## 19SS019

### INDEFINITE DELIVERY/INDEFINITE QUANTITY CONTRACT

This **Indefinite Delivery/Indefinite Quantity Contract No. 19SS019** (the "Contract") is entered into as of the Effective Date by and between The Boeing Company, a Delaware corporation, acting through and on behalf of its Defense, Space & Security Division("Buyer" or "Boeing"), and GKN Aerospace St. Louis, LLC ("GKN" or "Seller").  Buyer and Seller are individually referred to herein as a "Party" and collectively as the "Parties."



1.1.2.   "Goods" mean parts, raw materials, supplies and/or services as specifically identified in Exhibit 3 ("Part Number, Price and Lead-Time").

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



**3.2.** **Term.** Subject to the provisions allowing for earlier termination or extension, this Contract shall automatically expire, without further notice, on September 30, 2023.  Seller shall accept and process all Purchase Contracts issued by Buyer during the Term of this Contract even if the period of performance of any such Purchase Contracts extends beyond the Term of this Contract.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



6.1.    This Contract does not constitute a Purchase Contract for any Goods, nor shall it be construed as authorizing work. Goods to be furnished under this Contract shall be through the issuance of Purchase Contracts made exclusively by a Buyer's Authorized Agent. Such Purchase Contracts may be issued at any time during the Term of this Contract. Individual Purchase Contracts will constitute the sole authority for Buyer's procurement of all Goods under this Contract from Seller.

6.3.    This is an indefinite delivery, indefinite quantity contract for the Goods specified in Purchase Contracts issued by Buyer during the Term of this Contract. The quantities of Goods specified in Exhibit 3 ("Part Numbers, Price and Lead-Time") are estimates only and are not purchased by this Contract. Any estimates regarding forecasts, planning, and/or quantities (collectively, "Estimated Quantity") provided to Seller by Buyer in any document relating to this Contract, other than as specified in a Purchase Contract issued by Buyer, are considered informational only. Individual Purchase Contracts will constitute the sole authority for Buyer's procurement of all Goods under this Contract from Seller. Buyer shall have the right to determine the specific quantities and schedules for Purchase Contracts consistent with the terms of this Contract.

6.4.    When and if ordered, Seller shall furnish to Buyer, the Goods specified in Exhibit 3 ("Part Number, Price and Lead-Time").

6.5.    Buyer shall purchase all of its requirements for Goods during the Term of this Contract. Seller shall furnish all Goods in support of Purchase Contracts in the quantities ordered in accordance with this Contract.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



IDIQ Contract [TBD]

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM











Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

22SL-CC05336

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

# EXHIBIT B

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



**BDS Supply Chain**
**Strategic Contracting**

## SA Number 19SS032

### INDEFINITE  DELIVERY/INDEFINITE  QUANTITY  CONTRACT

This **Indefinite Delivery/Indefinite Quantity Contract No**. **19SS032** (the "Contract") is entered into as of the Effective Date by and between The Boeing Company, a Delaware corporation, acting through and on behalf of its Defense, Space & Security Division("Buyer"  or "Boeing"), and GKN Aerospace St. Louis, LLC ("GKN" or "Seller").  Buyer and Seller are individually  referred  to herein as a "Party" and collectively as the "Parties."



1.1.2.  "Goods" mean parts, raw materials, supplies and/or services  as specifically identified in Exhibit 3 ("Part Number,  Price and Lead-Time").

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



**3.2.**    **Term.** Subject to the provisions allowing for earlier termination or extension, this Contract shall automatically expire, without further notice, on **December 31, 2023.** Seller shall accept and process all Purchase Contracts issued by Buyer during the Term of this Contract even if the period of performance of any such Purchase Contracts extends beyond the Term of this Contract.



Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



**6.1.**  This Contract does not constitute a Purchase Contract for any Goods, nor shall it be construed as authorizing work.  Goods to be furnished under this Contract shall be through the issuance of Purchase Contracts made exclusively by a Buyer's Authorized Agent.  Such Purchase Contracts may be issued at any time during the Term of this Contract.  Individual Purchase Contracts will constitute the sole authority for Buyer's procurement of all Goods under this Contract from Seller.

**6.3.**  This is an indefinite delivery, indefinite quantity contract for the Goods specified in Purchase Contracts issued by Buyer during the Term of this Contract.  The quantities of Goods specified in Exhibit 3 ("Part Numbers, Price and Lead-Time") are estimates only and are not purchased by this Contract.  Any estimates regarding forecasts, planning, and/or quantities (collectively, "Estimated Quantity") provided to Seller by Buyer in any document relating to this Contract, other than as specified in a Purchase Contract issued by Buyer, are considered informational only.  Individual Purchase Contracts will constitute the sole authority for Buyer's procurement of all Goods under this Contract from Seller.  Buyer shall have the right to determine the specific quantities and schedules for Purchase Contracts consistent with the terms of this Contract.

**6.4.**  When and if ordered, Seller shall furnish to Buyer, the Goods specified in Exhibit 3 ("Part Number, Price and Lead-Time").

**6.5.**  Buyer shall purchase all of its requirements for Goods during the Term of this Contract.  Seller shall furnish all Goods in support of Purchase Contracts in the quantities ordered in accordance with this Contract.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 05:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 05:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2023 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2023 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 04:10 PM

Electronically Filed - St Louis County - December 31, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 04:10 PM

Electronically Filed - St Louis County - December 27, 2022 - 03:33 PM

Electronically Filed - St Louis County - December 21, 2022 - 08:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:15 PM



Electronically Filed - St Louis County - December 21, 2022 - 09:15 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:15 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:15 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:15 PM



Electronically Filed - St Louis County - December 21, 2022 - 09:15 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:15 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:15 PM



Electronically Filed - St Louis County - December 21, 2022 - 09:15 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:15 PM

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM



22SL-CC05336

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

# EXHIBIT C

# Filed Under Seal

**22SL-CC05336**

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

# EXHIBIT D -
# Slipsheet Only
### *(This exhibit will be submitted to the Court via hard media due to size)*

22SL-CC05336

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

# EXHIBIT E

# Filed Under Seal

**22SL-CC05336**

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| THE BOEING COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MELROSE INDUSTRIES PLC, | ) | |
| GKN AEROSPACE SERVICES LIMITED, | ) | Cause No.: |
| GKN ADVANCED DEFENSE SYSTEMS, | ) | |
| GKN AEROSPACE, INC. | ) | Division No. |
| GKN AEROSPACE US HOLDINGS LLC, | ) | |
| GKN AEROSPACE TRANSPARENCY | ) | |
| SYSTEMS INC. | ) | |
| GKN AEROSPACE ST. LOUIS LLC, | ) | |
| GKN AEROSPACE AEROSTRUCTURES, | ) | |
| INC., | ) | |
| GKN AEROSPACE PRECISION | ) | |
| MACHINING, INC., | ) | |
| AND | ) | |
| GKN AEROSPACE NEWINGTON LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff The Boeing Company ("Boeing"), by and through its attorneys, hereby brings this Motion for Leave to File Under Seal and moves this Court for an order granting it leave to file four exhibits to its Petition under seal. These exhibits, described further below, relate to sensitive defense programs and contain commercially sensitive proprietary and financial information. In support of this Motion, Boeing states as follows:

1. Boeing has filed a Petition against Defendants Melrose Industries PLC, GKN Aerospace St. Louis LLC, GKN Aerospace Services Limited, GKN Advanced Defense Systems, GKN Aerospace, Inc., GKN Aerospace US Holdings LLC, GKN Aerospace Transparency

1

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Systems Inc., GKN Aerospace Aerostructures, Inc., GKN Aerospace Precision Machining, Inc., and GKN Aerospace Newington LLC (collectively, "Defendants").

2.     Boeing intends to file two exhibits to the Petition that Boeing seeks to keep under seal in their entirety.  These exhibits are: (a) the General Terms Agreement between Boeing and multiple defendants, dated May 10, 2019 and attached to the Petition as Exhibit C; and (b) the Guarantee Agreement between Boeing and GKN Aerospace Aerostructures, Inc., dated May 15, 2017 and attached to the Petition as Exhibit E.

3.     Missouri Supreme Court Operating Rule 4.24 recognizes that courts may seal confidential records on a showing of good cause.  The Missouri Supreme Court has further held that the presence of "trade or business secrets" constitutes a "sound justification for closed public records" that outweighs the public's interest in open judicial records.  *See, e.g.*, *In re Transit Cas. Co. ex rel. Pulitzer Publishing Co. v. Transit Cas. Co. ex rel. Intervening Emps.*, 43 S.W.3d 293, 302 (Mo. 2001).

4.     There is good cause to permanently seal the General Terms Agreement and Guarantee Agreement.  Boeing's interest in preventing public disclosure of its confidential, proprietary, and trade secret information contained in these exhibits is specific, serious, and substantial.  Boeing makes great effort to maintain the confidentiality of the terms of these agreements because Boeing derives economic value from such secrecy.  Both agreements relate to sensitive defense programs and contain commercially sensitive and proprietary information.  The General Terms Agreement contains, among other things, confidential business information related to sensitive defense programs and non-public information related to Boeing's business relationships and negotiating positions with its suppliers.  The Guarantee Agreement contains sensitive and proprietary information about how Boeing structures business relationships between

2

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

its suppliers and their affiliates.   Boeing derives economic value from and maintains the confidentiality of the terms of these agreements.

5.      If these agreements are not sealed, Boeing would face competitive disadvantages in negotiating similar provisions with future contract parties.   Disclosure would put Boeing at a disadvantage because its counterparties would know what terms Boeing is willing to agree to in supplier contracts, but Boeing would not have the same information regarding its counterparties. Disclosure would likewise give Boeing's competitors unfair insight into its manufacturing and contracting practices, and threaten Boeing's relationship with the U.S. Department of Defense. Boeing requests that the exhibits be sealed to avoid these and other harms.

6.      Based on the sensitive defense programs described in the exhibits and other competitively sensitive and proprietary information contained therein, good cause exists to seal the exhibits to maintain the confidentiality of the agreements and any competitively sensitive information.  *See* MO Court Operating Rule 4.24.

7.      There are no less restrictive means, such as redaction, that would adequately protect Boeing's interest in confidentiality in the General Terms Agreement and Guarantee Agreement. Both exhibits are replete with confidential and trade secret information, and even seemingly routine contract terms are of significant economic value and in need of protection because of the competitive disadvantage Boeing would suffer from their disclosure.

8.      Even recognizing the public's interest in open records, the need to protect competitively sensitive and proprietary information contained in these agreements outweighs any public interest in this sensitive information.  *In re Transit Cas.*, 43 S.W.3d at 302.

9.      Boeing will provide the Court with a copy of the exhibits by email, to be filed under seal.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

10.     In addition, Boeing has filed two exhibits to the Petition publicly but with sensitive information redacted, and intends to file unredacted versions of those exhibits under seal.  These exhibits are: (a) the Strategic Agreement between Boeing and GKN Aerospace St. Louis related to the F/A-18, dated February 3, 2020 and attached to the Petition as Exhibit A; (b) the Strategic Agreement between Boeing and GKN Aerospace St. Louis related to the F-15, dated January 11, 2021 and as amended August 26, 2021, and attached to the Petition as Exhibit B.

11.     There is good cause to redact the selected provisions of the Strategic Agreements. The Strategic Agreements include many provisions related to confidential, proprietary, and trade secret information.  For example, the Strategic Agreements contain information subject to U.S. export-control regulations and relevant to U.S. Department of Defense contracts—including part numbers, specifications, pricing information, and manufacturing lead times (*i.e.*, the time it takes for a manufacturer to produce a particular part)—that is not available to the general public.

12.     The need to protect competitively sensitive, export-controlled, and proprietary information contained in the Strategic Agreements outweighs any public interest in this sensitive information.  *In re Transit Cas.*, 43 S.W.3d at 302.

13.     Unlike the General Terms Agreement and Guarantee Agreement, Boeing expects that redactions will adequately protect its interest in confidentiality in the Strategic Agreements. Accordingly, Boeing has filed public versions of these agreements with heavy redactions, and intends to file unredacted copies of the Strategic Agreements under seal with the Court.

14.     Boeing will provide the Court with a copy of the unredacted exhibits by email.

WHEREFORE, Boeing respectfully requests that the Court enter an order granting it leave to file under seal the four exhibits described above as Exhibits A, B, C, and E; and for such other relief the Court deems just and proper.

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

Dated:  December 21, 2022

Respectfully submitted,

/s/ James F. Bennett
James F. Bennett, 46826
Jeff Hoops, 69813
DOWD BENNETT LLP
7676 Forsyth Boulevard, Suite 1900
St. Louis, MO 63105
Tel: (314) 889-7300
Facsimile: (314) 863-2111
jbennett@dowdbennett.com

Matthew A. Kairis (*pro hac* forthcoming)
JONES DAY
2727 N. Harwood St.,
Dallas, TX 75201
Tel: (214) 220-3939
Facsimile: (214) 969-5100
makairis@jonesday.com

Christopher DiPompeo (*pro hac* forthcoming)
Nathaniel G. Ward (*pro hac* forthcoming)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Tel: (202) 879-3939
Facsimile: (202) 626-1700
cdipompeo@jonesday.com
nward@jonesday.com

*Attorneys for Plaintiff The Boeing Company*

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 21, 2022 the foregoing was filed electronically with the

Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel

of record.

<div align="right">

_____/s/ James F. Bennett_____

</div>

**22SL-CC05336**

Electronically Filed - St Louis County - December 21, 2022 - 09:10 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| THE BOEING COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MELROSE INDUSTRIES PLC, | )   Cause No.: |
| GKN AEROSPACE SERVICES LIMITED, | ) |
| GKN ADVANCED DEFENSE SYSTEMS, | )   Division No. |
| GKN AEROSPACE, INC. | ) |
| GKN AEROSPACE US HOLDINGS LLC, | ) |
| GKN AEROSPACE TRANSPARENCY | ) |
| SYSTEMS INC. | ) |
| GKN AEROSPACE ST. LOUIS LLC, | ) |
| GKN AEROSPACE AEROSTRUCTURES, | ) |
| INC., | ) |
| GKN AEROSPACE PRECISION | ) |
| MACHINING, INC., | ) |
| AND | ) |
| GKN AEROSPACE NEWINGTON LLC, | ) |
| | ) |
| Defendants. | ) |

**[Proposed] ORDER**

This matter comes before the Court on Plaintiff The Boeing Company's ("Boeing") Motion
for Leave to File Under Seal.  Having reviewed and considered Boeing's Motion, the Court finds
that good cause exists to seal the exhibits to the Petition at this time.

ACCORDINGLY, Boeing's Motion for Leave to File Under Seal is GRANTED and
Boeing is granted leave to file under seal the four exhibits described in its Motion as Exhibits A,
B, C, and E.

Date:                                                SO ORDERED**,**


_____
Hon. _____

1



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DAVID L VINCENT III | **Case Number:  22SL-CC05336** |
| Plaintiff/Petitioner:<br>THE BOEING COMPANY | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES FORREST BENNETT<br>7676 FORSYTH BLVD<br>STE 1900 |
| **vs.** | ST. LOUIS, MO  63105 |
| Defendant/Respondent:<br>MELROSE INDUSTRIES PLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Contract-Other | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

| |
|---|
| The State of Missouri to:   MELROSE INDUSTRIES PLC<br>Alias:<br>**11TH FLOOR, THE COLMORE BLDG<br>20 COLMORE CIRCUS QUEENSWAY<br>Birmingham<br>BIRMINGHAM,   B4 6AT** |



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>22-DEC-2022</u> _____
**Date**                                                                                    **Clerk**
**Further Information:**
**AD**

## Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
   ☐   delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
   _____, a person at least 18 years of age residing therein.

   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____          _____
   Printed Name of Sheriff or Server                          Signature of Sheriff or Server
         **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
         I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                             ☐ the judge of the court of which affiant is an officer.
                             ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                                (use for out-of-state officer)
         *(Seal)*            ☐ authorized to administer oaths.  (use for court-appointed server)

                             _____
                                         Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE")</u>:** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial</u>:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial</u>:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number:  22SL-CC05336 |
|---|---|
| Plaintiff/Petitioner:<br>THE BOEING COMPANY | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES FORREST BENNETT<br>7676 FORSYTH BLVD<br>STE 1900<br>ST. LOUIS, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br>MELROSE INDUSTRIES PLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  GKN AEROSPACE SERVICES LIMITED
Alias:

CSC LAWYERS INC SERV CO    2ND FLOOR BLYTHE VALLEY PARK
2710 GATEWAY OAKS DR STE 150N   ONE CENTRAL BLVD
Solihull                 SHIRLEY B90 8BG
SACRAMENTO, CA  95833

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

22-DEC-2022
**Date**
Further Information:
AD

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other (describe) _____
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____    _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server
**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
             ☐ the judge of the court of which affiant is an officer.
*(Seal)*        ☐ authorized to administer oaths in the state in which the affiant served the above summons.
               (use for out-of-state officer)
             ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

# Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DAVID L VINCENT III | **Case Number:  22SL-CC05336** |
| Plaintiff/Petitioner:<br>THE BOEING COMPANY | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES FORREST BENNETT<br>7676 FORSYTH BLVD<br>STE 1900<br>ST. LOUIS, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br>MELROSE INDUSTRIES PLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   GKN ADVANCED DEFENSE SYSTEMS
Alias:

**SERVE DAVID HIGGINS**
**2407 COUNTY ROAD 4122**     **12122 WESTERN AVENUE**
**SIMMS, TX  75574**          **GARDEN GROVE, CA  92848**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**

   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>22-DEC-2022</u>
Date
Further Information:
AD

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
   _____, a person at least 18 years of age residing therein.

   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____     _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server
   **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
   I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                      ☐ the judge of the court of which affiant is an officer.
*(Seal)*               ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                         (use for out-of-state officer)
                      ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number:  22SL-CC05336 |
|---|---|
| Plaintiff/Petitioner:<br>THE BOEING COMPANY | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES FORREST BENNETT<br>7676 FORSYTH BLVD<br>STE 1900<br>ST. LOUIS, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br>MELROSE INDUSTRIES PLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

 The State of Missouri to:  GKN AEROSPACE, INC.
                    Alias:

CORPORATION SERVICE CO
251 LITTLE FALLS DR
WILMINGTON, DE  19808

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**
   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

   <u>22-DEC-2022</u>
         **Date**
   **Further Information:**
         **AD**

_____
                                                 **Clerk**

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
   ☐   delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐   leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
   _____, a person at least 18 years of age residing therein.

   ☐   (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐   other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____      _____
         Printed Name of Sheriff or Server                    Signature of Sheriff or Server
         **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
         I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                          ☐ the judge of the court of which affiant is an officer.
                          ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                             (use for out-of-state officer)
         *(Seal)*      ☐ authorized to administer oaths.  (use for court-appointed server)

                          _____
                                       Signature and Title

| **Service Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE")</u>:** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial</u>:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial</u>:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>DAVID L VINCENT III | Case Number:  22SL-CC05336 |
|---|---|
| Plaintiff/Petitioner:<br>THE BOEING COMPANY | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES FORREST BENNETT<br>7676 FORSYTH BLVD<br>STE 1900<br>ST. LOUIS, MO  63105 |
| Defendant/Respondent:<br>MELROSE INDUSTRIES PLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | |

(vs. appears between Plaintiff and Defendant sections)

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:   GKN AEROSPACE US HOLDINGS LLC**
Alias:

**CORP SERVICE COMPANY**
**251 LITTLE FALLS DR**
**WILMINGTON, DE  19808**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**
   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>22-DEC-2022</u>
Date
Further Information:
AD

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
   _____, a person at least 18 years of age residing therein.

   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server
**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☐ authorized to administer oaths in the state in which the affiant served the above summons.
      (use for out-of-state officer)
   ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>DAVID L VINCENT III | **Case Number:  22SL-CC05336** |
| Plaintiff/Petitioner:<br>THE BOEING COMPANY | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES FORREST BENNETT<br>7676 FORSYTH BLVD<br>STE 1900<br>ST. LOUIS, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br>MELROSE INDUSTRIES PLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  GKN AEROSPACE TRANSPARENCY SYSTEMS INC
Alias:

**CSC-LAWYERS INC SERV CO**
**2710 GATEWAY OAKS DR STE 150N**
**SACRAMENTO, CA  95833**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**

**SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>22-DEC-2022</u>
Date
Further Information:
AD

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE")</u>:** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial</u>:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial</u>:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number:  22SL-CC05336 |
|---|---|
| Plaintiff/Petitioner:<br>THE BOEING COMPANY | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES FORREST BENNETT<br>7676 FORSYTH BLVD<br>STE 1900<br>ST. LOUIS, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br>MELROSE INDUSTRIES PLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  GKN AEROSPACE AEROSTRUCTURES, INC.
                    Alias:

**CORPORATION SERV COMPANY**
**251 LITTLE FALLS DR**
**WILMINGTON, DE  19808**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>22-DEC-2022</u>
Date
Further Information:
AD

_____ Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person at least 18 years of age residing therein.

    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____        _____
     Printed Name of Sheriff or Server              Signature of Sheriff or Server
     **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
     I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                        ☐ the judge of the court of which affiant is an officer.
*(Seal)*                ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                          (use for out-of-state officer)
                        ☐ authorized to administer oaths.  (use for court-appointed server)
                                        _____
                                                Signature and Title

**Service Fees, if applicable**

Summons $___________________

Non Est $___________________

Mileage $___________________ (_______________miles @ $ _______ per mile)

**Total $___________________**

**See the following page for directions to clerk and to officer making return on service of summons.**

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE")</u>:** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial</u>:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial</u>:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DAVID L VINCENT III | **Case Number:  22SL-CC05336** |
| Plaintiff/Petitioner:<br>THE BOEING COMPANY<br><br>**vs.** | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES FORREST BENNETT<br>7676 FORSYTH BLVD<br>STE 1900<br>ST. LOUIS, MO  63105 |
| Defendant/Respondent:<br>MELROSE INDUSTRIES PLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   GKN AEROSPACE PRECISION MACHINING INC
Alias:

CORP SERVICE COMPANY
251 LITTLE FALLS DR
WILMINGTON, DE  19808

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>22-DEC-2022</u>
Date
Further Information:
AD

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person at least 18 years of age residing therein.

   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____      _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server
**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
              ☐ the judge of the court of which affiant is an officer.
              ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                (use for out-of-state officer)
*(Seal)*       ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE")</u>:** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial</u>:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial</u>:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DAVID L VINCENT III | **Case Number:  22SL-CC05336** |
| Plaintiff/Petitioner:<br>THE BOEING COMPANY | Plaintiff's/Petitioner's Attorney/Address:<br>JAMES FORREST BENNETT<br>7676 FORSYTH BLVD<br>STE 1900<br>ST. LOUIS, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br>MELROSE INDUSTRIES PLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:   **GKN AEROSPACE NEWINGTON LLC**
                               Alias:

**CORP SERVICE COMPANY**
**251 LITTLE FALLS DR**
**WILMINGTON, DE  19808**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

        **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**

        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

        <u>22-DEC-2022</u>
           **Date**
        **Further Information:**
        **AD**
                                                          **Clerk**

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
      ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
  ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
      _____, a person at least 18 years of age residing therein.

      ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
      _____ (name) _____ (title).
      ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____     _____
        Printed Name of Sheriff or Server                     Signature of Sheriff or Server
              **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
           I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                           ☐ the judge of the court of which affiant is an officer.
                           ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                             (use for out-of-state officer)
   *(Seal)*             ☐ authorized to administer oaths.  (use for court-appointed server)
                             _____
                                         Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE")</u>:** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial</u>:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial</u>:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number:  22SL-CC05336 |
|---|---|
| Plaintiff/Petitioner:<br> THE BOEING COMPANY | Plaintiff's/Petitioner's Attorney/Address<br>JAMES FORREST BENNETT<br>7676 FORSYTH BLVD<br>STE 1900<br>ST. LOUIS, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br> MELROSE INDUSTRIES PLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  GKN AEROSPACE ST LOUIS LLC
**Alias:**

CSC LAWYERS INC SERV CO
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>22-DEC-2022</u>
**Date**

_____ Clerk

**Further Information:**
AD

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
- [ ] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
- [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
  _____ a person at least 18 years of age residing therein.
- [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to
  _____ (name) _____ (title).
- [ ] other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*   My commission expires: _____          _____
                                                      Date                                            Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## <u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - December 22, 2022 - 01:05 PM

**In the**

# CIRCUIT COURT

**Of St. Louis County, Missouri**

The Boeing Company
Plaintiff/Petitioner

vs.

Melrose Industries PLC et al.
Defendant/Respondent

December 22, 2022
Date

22SL-CC05336
Case Number

9
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ___The Boeing Company_____, pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Saab Samra, Legal Services Inc. Ltd, Suite 150, 51 Pinfield Street, Birmingham, B2 4AY, +44(0)800 0700 5208
Name of Process Server                          Address                                                          Telephone

Pauline Belt, Arkline Legal Agents, 1st Floor 24 Bridge Street, Tadcaster LS24 9AL, +44(0)1937 831290
Name of Process Server                          Address or in the Alternative                              Telephone

Saoirse O'Reilly, Jones Day, 21 Tudor Street London, England, EC4Y 0DJ, +44(0)20 7039 5223
Name of Process Server                          Address or in the Alternative                              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                                   SERVE:
Melrose Industries Plc                             GKN Aerospace Services Limited
Name                                                       Name
11th Floor, The Colmore Building, Colmore Circus Queensway    2nd Floor, One Central Boulevard Blythe Valley Park
Address                                                    Address
Birmingham, England, B4 6AT                   Shirley, Solihull, England, B90 8BG
City/State/Zip                                           City/State/Zip

SERVE:                                                   SERVE:

Name                                                       Name

Address                                                    Address

City/State/Zip                                           City/State/Zip

Appointed as requested:                         /s/ James F. Bennett

**JOAN M. GILMER,** Circuit Clerk                Signature of Attorney/Plaintiff/Petitioner
                                                              46826
                                                              Bar No.
By _____        7676 Forsyth Blvd., Ste 1900 St. Louis, MO 63105
        Deputy Clerk                                       Address
                                                              (314) 889-7300           (314) 863-2111
_____                Phone No.                            Fax No.
Date

CCADM62-WS    Rev. 07/22

Electronically Filed - St Louis County - December 22, 2022 - 01:05 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/22

Electronically Filed - St Louis County - December 22, 2022 - 01:05 PM

**In the**

# CIRCUIT COURT

**Of St. Louis County, Missouri**

_December 22, 2022_
Date

The Boeing Company
Plaintiff/Petitioner

_22SL-CC05336_
Case Number

vs.

_9_
Division

Melrose Industries PLC et al.
Defendant/Respondent

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ___The Boeing Company_____, pursuant
                          Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

Michael Lynn Henry, 1827 18th Street NW, Washington, D.C. (202) 667-0050
Name of Process Server          Address                                    Telephone

Michael Van Hooser, 1827 18th Street NW, Washington, D.C. (202) 667-0050
Name of Process Server          Address or in the Alternative              Telephone

_____
Name of Process Server          Address or in the Alternative              Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:
 GKN AEROSPACE SERVICES LIMITED                  GKN AEROSPACE TRANSPARENCY SYSTEMS INC.
Name                                            Name
 2710 Gateway Oaks Drive Suite 150N              2710 Gateway Oaks Drive Suite 150N
Address                                         Address
 Sacramento, CA 95833                            Sacramento, CA 95833
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

_____                _____
Name                                            Name

_____                _____
Address                                         Address

_____                _____
City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk                /s/ James F. Bennett
                                                Signature of Attorney/Plaintiff/Petitioner
                                                 46826
                                                Bar No.
By _____              7676 Forsyth Blvd., Ste 1900, St. Louis, MO 63105
      Deputy Clerk                              Address
                                                 (314) 889-7300        (314) 863-2111
_____                Phone No.                      Fax No.
Date

CCADM62-WS   Rev. 07/22

Electronically Filed - St Louis County - December 22, 2022 - 01:05 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - December 22, 2022 - 01:05 PM

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

The Boeing Company
Plaintiff/Petitioner

vs.

Melrose Industries PLC et al.
Defendant/Respondent

December 22, 2022
Date

22SL-CC05336
Case Number

9
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ___The Boeing Company___ , pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
Jeremy Glaze, 1827 18th Street NW, Washington, D.C. (202) 667-0050
Name of Process Server                          Address                                      Telephone

Christopher I. Whitcomb, 1827 18th Street NW, Washington, D.C. (202) 667-0050
Name of Process Server                          Address or in the Alternative                Telephone

_____
Name of Process Server                          Address or in the Alternative                Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                           SERVE:
GKN AEROSPACE SERVICES LIMITED                   GKN AEROSPACE TRANSPARENCY SYSTEMS INC.
Name                                             Name
2710 Gateway Oaks Drive Suite 150N               2710 Gateway Oaks Drive Suite 150N
Address                                          Address
Sacramento, CA 95833                             Sacramento, CA 95833
City/State/Zip                                   City/State/Zip

SERVE:                                           SERVE:
_____                 _____
Name                                             Name
_____                 _____
Address                                          Address
_____                 _____
City/State/Zip                                   City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____
   Deputy Clerk

_____
Date

*/s/ James F. Bennett*
_____
Signature of Attorney/Plaintiff/Petitioner
46826
_____
Bar No.
7676 Forsyth Blvd., Ste 1900, St. Louis, MO 63105
Address
(314) 889-7300          (314) 863-2111
Phone No.                        Fax No.

CCADM62-WS   Rev. 07/22

Electronically Filed - St Louis County - December 22, 2022 - 01:05 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - December 22, 2022 - 01:05 PM

**In the**
# CIRCUIT COURT
## Of St. Louis County, Missouri

_The Boeing Company_
Plaintiff/Petitioner

vs.

_Melrose Industries PLC et al._
Defendant/Respondent

_December 22, 2022_
Date

_22SL-CC05336_
Case Number

_9_
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ___The Boeing Company_____, pursuant
                        Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_Adam Golden, 1827 18th Street NW, Washington, D.C. (202) 667-0050_
Name of Process Server          Address                          Telephone

_George Covert, 1827 18th Street NW, Washington, D.C. (202) 667-0050_
Name of Process Server          Address or in the Alternative    Telephone

_____
Name of Process Server          Address or in the Alternative    Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
_GKN AEROSPACE, INC._
Name
_251 Little Falls Drive_
Address
_Wilmington, DE 19808_
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____
     Deputy Clerk

_____
Date

_/s/ James F. Bennett_
Signature of Attorney/Plaintiff/Petitioner
_46826_
Bar No.
_7676 Forsyth Blvd., Ste 1900, St. Louis, MO 63105_
Address
_(314) 889-7300          (314) 863-2111_
Phone No.                        Fax No.

CCADM62-WS    Rev. 07/22

Electronically Filed - St Louis County - December 22, 2022 - 01:05 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/22

Electronically Filed - St Louis County - December 22, 2022 - 01:05 PM

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

The Boeing Company
Plaintiff/Petitioner

vs.

Melrose Industries PLC et al.
Defendant/Respondent

For File Stamp Only

December 22, 2022
Date

22SL-CC05336
Case Number

9
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ___The Boeing Company_____, pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
Adam Golden, 1827 18th Street NW, Washington, D.C. (202) 667-0050
Name of Process Server                    Address                                        Telephone

George Covert, 1827 18th Street NW, Washington, D.C. (202) 667-0050
Name of Process Server          Address or in the Alternative                           Telephone

Name of Process Server          Address or in the Alternative                           Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
GKN AEROSPACE PRECISION MACHINING, INC.
Name
251 Little Falls Drive
Address
Wilmington, DE 19808
City/State/Zip

SERVE:
GKN AEROSPACE NEWINGTON LLC
Name
251 Little Falls Drive
Address
Wilmington, DE 19808
City/State/Zip

SERVE:
GKN AEROSPACE US HOLDINGS LLC
Name
251 Little Falls Drive
Address
Wilmington, DE 19808
City/State/Zip

SERVE:
GKN AEROSPACE AEROSTRUCTURES, INC.
Name
251 Little Falls Drive
Address
Wilmington, DE 19808
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____
     Deputy Clerk

_____
Date

/s/ James F. Bennett
_____
Signature of Attorney/Plaintiff/Petitioner
46826
Bar No.
7676 Forsyth Blvd., Ste 1900, St. Louis, MO 63105
Address
(314) 889-7300          (314) 863-2111
Phone No.                              Fax No.

CCADM62-WS    Rev. 07/22

Electronically Filed - St. Louis County - December 22, 2022 - 01:05 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - December 22, 2022 - 01:05 PM

**In the**

# CIRCUIT COURT

**Of St. Louis County, Missouri**

The Boeing Company
Plaintiff/Petitioner

vs.

Melrose Industries PLC et al.
Defendant/Respondent

December 22, 2022
Date

22SL-CC05336
Case Number

9
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ___The Boeing Company_____, pursuant
                          Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
Ronni Gibbs, 1827 18th Street NW, Washington, D.C. (202) 667-0050
Name of Process Server          Address                              Telephone

Bryan Canas, 1827 18th Street NW, Washington, D.C. (202) 667-0050
Name of Process Server          Address or in the Alternative        Telephone

_____
Name of Process Server          Address or in the Alternative        Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
GKN Advanced Defense Systems
Name
12122 Western Avenue
Address
Garden Grove, CA 92848
City/State/Zip

SERVE:
David Higgins, President of GKN Advanced Defense Systems
Name
2407 County Road 4122
Address
Simms, TX 75574-8441
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk


By _____
      Deputy Clerk

_____
Date

*/s/ James F. Bennett*
_____
Signature of Attorney/Plaintiff/Petitioner
46826
Bar No.
7676 Forsyth Blvd., Ste 1900, St. Louis, MO 63105
Address
(314) 889-7300          (314) 863-2111
Phone No.                          Fax No.

CCADM62-WS   Rev. 07/22

Electronically Filed - St Louis County - December 22, 2022 - 01:05 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - December 22, 2022 - 01:05 PM

**In the**

# CIRCUIT COURT

**Of St. Louis County, Missouri**

The Boeing Company
Plaintiff/Petitioner

vs.

Melrose Industries PLC et al.
Defendant/Respondent

December 22, 2022
Date

22SL-CC05336
Case Number

9
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ___The Boeing Company_____, pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
Rufus R. Harmon, 1827 18th Street NW, Washington, D.C. (202) 667-0050
Name of Process Server                Address                                Telephone

Name of Process Server                Address or in the Alternative          Telephone

Name of Process Server                Address or in the Alternative          Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                        SERVE:
GKN AEROSPACE ST. LOUIS LLC
Name                                          Name
221 Bolivar Street
Address                                       Address
Jefferson City, MO 65101
City/State/Zip                                City/State/Zip

SERVE:                                        SERVE:

Name                                          Name

Address                                       Address

City/State/Zip                                City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk                */s/ James F. Bennett*
                                              Signature of Attorney/Plaintiff/Petitioner
                                              46826
                                              Bar No.
By _____           7676 Forsyth Blvd., Ste 1900, St. Louis, MO 63105
      Deputy Clerk                            Address
                                              (314) 889-7300          (314) 863-2111
_____              Phone No.                Fax No.
Date

CCADM62-WS   Rev. 07/22

Electronically Filed - St Louis County - December 22, 2022 - 01:05 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS     Rev. 07/22