Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

THE BOEING COMPANY,

     Plaintiff,

MELROSE INDUSTRIES PLC, et al.,

     Defendants.

CAUSE NO.: 22SL-CC05336

Division No. 2

**ANSWER OF DEFENDANT MELROSE INDUSTRIES PLC**

Defendant Melrose Industries PLC ("Defendant" or "Melrose") respectfully submits this amended answer to the Petition (the "Petition") of plaintiff The Boeing Company ("Plaintiff" or "Boeing").

Defendant denies, both generally and specifically, each and every allegation in the Petition, except as specifically admitted below. Defendant denies that Plaintiff is entitled to any relief whatsoever. Defendant reasserts that it is not subject to personal jurisdiction in this court or in this case, and submits this answer without waiver of any defenses, including a lack of personal jurisdiction.

1.     Defendant denies the allegations in paragraph 1 of the Petition.

2.     The first two sentences of paragraph 2 of the Petition set forth legal conclusions as to which no response is required, and Defendant references the cited documents for a full and complete statement of their terms. If a response is required, Defendant denies the allegations as stated. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in the third sentence of paragraph 2 of the Petition, and on that basis, denies them. Defendant denies the allegations in the fourth sentence of paragraph 2 of the

181590.9

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

Petition. Defendant denies any remaining allegations in paragraph 2.

3.      Paragraph 3 of the Petition includes legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 3 of the Petition, and on that basis, denies them, except with respect to the allegation that "The companies that own and control GKN Aerospace St. Louis declared that GKN Aerospace St. Louis would cease production in the third quarter of 2023 and close at the end of 2023" Defendant does not know which "companies" Boeing is referring to, but if Boeing intends to include Defendant within the referenced "companies" then Defendant denies that it controls GKN Aerospace St. Louis LLC ("GKN Aerospace St. Louis"), and denies that it "declared that GKN Aerospace St. Louis would cease production in the third quarter of 2023 and close at the end of 2023.".

4.      Paragraph 4 of the Petition includes legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4 of the Petition, and on that basis, denies them.

5.      The first and last sentences of paragraph 5 of the Petition set forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations. Defendant denies the remaining allegations in paragraph 5.

6.      Defendant denies the allegations in paragraph 6 of the Petition.

7.      Defendant denies the allegations in paragraph 7 of the Petition.

8.      Paragraph 8 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies that Plaintiff is entitled to any relief, denies that Plaintiff has stated a claim for specific performance, or any other claim, and denies the

remaining allegations in paragraph 8.

9.      Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 9 of the Petition, and on that basis, denies them, except admits that Boeing is a Delaware corporation.

10.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and on that basis, denies them, except admits that GKN Aerospace St. Louis LLC is a Delaware limited liability company.

11.     Defendant admits that Melrose Industries PLC is a public limited liability company organized under the laws of the United Kingdom, and is publicly traded on the London Stock Exchange. Defendant denies knowledge or information sufficient to form a belief about what Plaintiff means by "ultimate parent," and on that basis, denies such allegations as stated. Defendant denies the remaining allegations of paragraph 11.

12.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12, and on that basis, denies them, except admits that GKN Aerospace Services Limited is a corporate entity incorporated in the United Kingdom.

13.     Defendant denies the allegations in paragraph 13.

14.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and on that basis, denies them, except admits that GKN Aerospace, Inc. is a Delaware corporation.

15.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15, and on that basis, denies them, except admits that GKN Aerospace US Holdings LLC is a Delaware limited liability company.

16.     Defendant denies knowledge or information sufficient to form a belief about the

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

truth of the allegations in paragraph 16, and on that basis, denies them, except admits that GKN Aerospace Transparency Systems Inc. is a California corporation.

17.      Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and on that basis, denies them, except admits that GKN Aerospace Aerostructures Inc. is a Delaware corporation.

18.      Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and on that basis, denies them, except admits that GKN Aerospace Precision Machining, Inc. is a Delaware corporation.

19.      Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and on that basis, denies them, except admits that GKN Aerospace Newington LLC is a Delaware limited liability company.

20.      Paragraph 20 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant admits that the Court has subject matter jurisdiction. Defendant denies the remaining allegations in paragraph 20 of the Petition.

21.      Paragraph 21 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations in paragraph 21 of the Petition.

22.      Paragraph 22 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations in paragraph 22 of the Petition.

23.      Paragraph 23 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations in paragraph 23 of the Petition.

181590.9

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

24.     Defendant denies the allegations in paragraph 24 of the Petition except admits that in 2018, Melrose acquired GKN plc, admits that on April 20, 2018, GKN Aerospace North America, Inc. changed its name to GKN Aerospace St. Louis LLC, and denies knowledge or information sufficient to form a belief about what Plaintiff means by "ultimate parent" and on that basis, denies the allegations in the second sentence of paragraph 24. Defendant denies the remaining allegations in paragraph 24 of the Petition.

25.     Defendant denies the allegations in paragraph 25 of the Petition. Defendant incorporates its responses to paragraphs 57-65 as if set forth fully herein.

26.     Defendant denies the allegations in paragraph 26 of the Petition except admits that in 2018 the Chief Executive Officer of Melrose, Simon Peckham, visited the GKN Aerospace St. Louis facility and toured portions of Boeing's St. Louis facility.

27.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and on that basis, denies them.

28.     Defendant denies the allegations in paragraph 28 of the Petition.

29.     Defendant admits the allegations in paragraph 29 of the Petition that Boeing and GKN Aerospace St. Louis have entered into several contracts, including the Strategic Agreement related to the F/A-18, dated February 3, 2020; the Strategic Agreement related to the F-15, dated January 11, 2021 and as amended August 26, 2021; the General Terms Agreement ("GTA"), dated May 10, 2019; and several purchase contracts. Defendant denies Plaintiff's characterizations of the terms of the contracts and refers to the contracts for a full and complete statement of their terms. Defendant admits that all of the contracts referenced in paragraph 29 of the Petition are governed by Delaware law. Defendant denies the remaining allegations in paragraph 29 of the Petition.

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

30.     Paragraph 30 of the Petition sets forth legal conclusions as to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's petition sets forth all relevant contract provisions and refers to the referenced documents for a full and complete statement of their terms, and admits that GKN Aerospace St. Louis released Boeing from its obligation to purchase all of its requirements for particular parts under the Strategic Agreements. Defendant denies the remaining allegations in paragraph 30 of the Petition.

31.     Paragraph 31 of the Petition sets forth legal conclusions as to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's petition sets forth all relevant contract provisions and refers to the referenced document for a full and complete statement of its terms. Defendant denies the remaining allegations in paragraph 31 of the Petition.

32.     Defendant denies the allegations in paragraph 32 of the Petition, except admits that Plaintiff and GKN Aerospace St. Louis have entered into purchase contracts that, in part, detail the quantity and delivery schedule for each part ordered, and refers to the referenced documents for a full and complete statement of their terms.

33.     Paragraph 33 of the Petition sets forth legal conclusions as to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's petition sets forth all relevant contract provisions and refers to the referenced document for a full and complete statement of its terms. Defendant denies the remaining allegations in paragraph 33 of the Petition.

34.     The first sentence of paragraph 34 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations. Defendant denies the

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

allegations in the fourth sentence of paragraph 34 of the Petition. Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 34, and on that basis denies them.

35.     Defendant denies the allegations in paragraph 35 of the Petition, except admits that Defendant had a publicly stated "buy, improve, sell" business model, and refers to the referenced presentations on June 8, 2022 and September 8, 2022 respectively for full and complete versions of the statements made.

36.     Defendant denies the allegation it is "shutting down GKN Aerospace St. Louis at the end of 2023."  Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36 of the Petition, and on that basis, denies them.

37.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Petition, and on that basis, denies them.

38.     Defendant denies the allegation that it is "committed to the announced closure date." Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 38 of the Petition, and on that basis, denies them.

39.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Petition, and on that basis, denies them.

40.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Petition, and on that basis, denies them.

41.     Defendant denies the allegations in paragraph 41 of the Petition, except Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 regarding Boeing's alleged meeting with GKN personnel, and on that basis denies

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

them. Defendant denies the remainder of allegations in paragraph 41 of the Petition.

42.     Defendant denies the allegations in paragraph 42 of the Petition, and Defendant specifically denies that Boeing has accurately described or characterized the communications with the "one third party" referenced in the second sentence of paragraph 42.

43.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, and on that basis, denies them.

44.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, and on that basis, denies them.

45.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, and on that basis, denies them.

46.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46, and on that basis, denies them.

47.     Defendant denies the allegations in paragraph 47 of the Petition, except states that the allegations in the first sentence are legal conclusions as to which no response is required; if a response is required, Defendant denies them. Defendant specifically denies that Plaintiff has taken adequate steps to mitigate damages, including by transitioning to different suppliers. Defendant avers that Plaintiff has not reasonably or sufficiently mitigated any alleged damages and that such damages, if they exist at all, which is denied, are of Plaintiff's own making.

48.     The allegations in paragraph 48 are not "specific averments" and no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Petition because it is not clear which "production lines," "production process," "parts," etc., the Petition is referring to, and on that basis denies the allegations.

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

49.     The allegations in the first sentence of paragraph 49 are not "specific averments" and no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 49 of the Petition because it is not clear which "suppliers" the Petition is referring to, and on that basis denies the allegations. The second sentence of paragraph 49 of the Petition sets forth legal conclusions as to which no response is required. To the extent a response is required, Defendant denies that Plaintiff's Petition sets forth all relevant contract provisions and refers to the referenced document for a full and complete statement of its terms. Defendant denies the remaining allegations in paragraph 49 of the Petition.

50.     Defendant denies the allegations in paragraph 50 of the Petition.

51.     Paragraph 51 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies that the Petition sets forth all relevant laws and regulations, and refers to the referenced regulations for a full and complete statement of their terms. Defendant denies the remaining allegations in paragraph 51 of the Petition.

52.     Defendant admits that GKN Aerospace St. Louis LLC is managed under a Special Security Agreement. Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 regarding what was "represented to Boeing," and on that basis, denies them. Defendant denies the remaining allegations in paragraph 52 of the Petition.

53.     The allegations in paragraph 53 are not "specific averments" and no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them. By way of further answer, Defendant notes that the Petition is referencing a document that was not attached to the

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

Petition, and is identified simply by means of a series of links on a website, which is not in Defendant's control, and Defendant has no way to determine whether the document currently found at that link is the same document accessed by Plaintiff at some earlier time, or if that link will direct to the same or a different document at any point in the future.

54.       Defendant denies the allegations in the first sentence of paragraph 54 of the Petition except admits that Defendant, GKN Aerospace US Holdings, GKN Aerospace Transparency Systems and the U.S. Department of Defense are party to an SSA. Defendant denies that the second sentence of paragraph 54 of the Petition sets forth all applicable terms of the SSA and refers to the referenced document for a full and complete statement of its contents.

55.       Paragraph 55 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations in paragraph 55 of the Petition.

56.       Paragraph 56 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations in paragraph 56 of the Petition.

57.       Paragraph 57 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations in paragraph 57 of the Petition.

58.       Defendant denies the allegations in paragraph 58 of the Petition.

59.       Defendant denies the allegations in paragraph 59 of the Petition and refers to the referenced document (the "June Investor Presentation") for a full and complete statement of its contents.

60.       Defendant admits that the current President of the defense division of is Shawn

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

Black, and the current Chief Financial Officer of the defense division is Brian Clary. Defendant denies the remaining allegations in paragraph 60 of the Petition.

61.     Defendant denies the allegations in paragraph 61 of the Petition, except admits that in 2018, GKN North America, Inc. changed its name to GKN Aerospace St. Louis LLC, and refers to the referenced documents for full and complete statements of their contents.

62.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 of the Petition.

63.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 of the Petition, and on that basis, denies them.

64.     Defendant denies the allegations in the first sentence of paragraph 64 of the Petition.  Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 64 of the Petition, and on that basis, denies them.

65.     Defendant denies the allegations in the first sentence of paragraph 65 of the Petition.  Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 65, and on that basis, denies them.

66.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66, and on that basis, denies them.

67.     Defendant denies the allegations in paragraph 67 that "Employees and executives within the GKN Aerospace enterprise also participated in the decision to close the St. Louis site" and denies the allegation that any of the purported activities listed are "example[s]" of such participation. Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 67, and on that basis, denies them.

68.     Defendant denies the allegations in paragraph 68 of the Petition, and refers to the

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

referenced document for a full and complete statement of its contents.

69.     Paragraph 69 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations in paragraph 69 of the Petition.

70.     Defendant denies the allegations in paragraph 70 of the Petition.

71.     Defendant admits the allegations in paragraph 71 of the Petition.

72.     Defendant denies the allegations in paragraph 72 of the Petition.

73.     Defendant denies the allegations in paragraph 73 of the Petition.

74.     Defendant denies the allegations in paragraph 74 of the Petition except Defendant admits the allegation that Melrose purchases group-wide insurance policies that cover, *inter alia*, GKN Aerospace St. Louis. Defendant denies the remaining allegations in paragraph 74 of the Petition.

75.     Defendant denies the allegations in paragraph 75 of the Petition.

76.     Paragraph 76 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76, and on that basis denies them. Defendant denies the remainder of allegations in paragraph 76 of the Petition.

77.     Paragraph 77 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77, and on that basis denies them. Defendant denies the remainder of allegations in paragraph 77 of the Petition.

78.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78, and on that basis, denies them.

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

79.     Defendant denies the allegations in paragraph 79 of the Petition.

80.     Defendant denies the allegations in paragraph 80 of the Petition, except denies knowledge or information sufficient to form a belief about the truth of the allegations regarding the email addresses of Braden Roth, David Higgins and Paul Spaven, and on that basis, denies them.

81.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81, and on that basis, denies them.

82.     Paragraph 82 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth paragraph 82 of the Petition, and on that basis denies them.

83.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83, and on that basis, denies them.

84.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84, and on that basis, denies them.

85.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85, and on that basis, denies them.

86.     Defendant denies knowledge or information sufficient to form a belief about what Boeing means by "takes direction" and denies the allegation that "GKN Aerospace, Inc. takes direction from Melrose" on that basis. Defendant denies the remaining allegations in the first sentence of paragraph 86 of the Petition. Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 86, and on that basis, denies them.

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

87.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87, and on that basis, denies them.

88.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88, and on that basis, denies them.

89.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89, and on that basis, denies them.

90.     Paragraph 90 of the Petition sets forth legal conclusions regarding a supposed agency relationship as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90, and on that basis, denies them.

91.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91, and on that basis, denies them.

92.     Defendant admits the allegations in paragraph 92 of the Petition that GKN Aerospace Transparency Systems Inc. is GKN Aerospace St. Louis LLC's parent company. Defendant denies knowledge or information sufficient to form a belief about what Boeing means by the allegation that GKN Aerospace Transparency Systems "is the sole direct owner" of GKN Aerospace St. Louis LLC, and on that basis, denies such allegation. Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 92, and on that basis, denies them.

93.     Defendant denies the allegations in paragraph 93 of the Petition, except admits that Paul Spaven was formerly President of GKN Aerospace Transparency Systems and President of GKN Aerospace St. Louis.

94.     Defendant denies knowledge or information sufficient to form a belief about the

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

truth of the allegations in paragraph 94, and on that basis, denies them.

94.

95.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95, and on that basis, denies them.

96.     Defendant denies the allegations in paragraph 96 of the Petition.

97.     Defendant denies the allegations in paragraph 97 of the Petition.

98.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98, and on that basis, denies them.

99.     Defendant denies the allegations in paragraph 99 of the Petition.

100.    Defendant denies the allegations in paragraph 100 of the Petition.

101.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101, and on that basis, denies them.

102.    Defendant denies the allegations in paragraph 102 of the Petition.

103.    Defendant denies the allegations in paragraph 103 of the Petition.

104.    Defendant denies the allegations in paragraph 104 of the Petition.

105.    Defendant denies the allegations in paragraph 105 of the Petition.

106.    Defendant denies the allegations in paragraph 106 of the Petition.

107.    Defendant denies the allegations in paragraph 107 of the Petition.

108.    Defendant denies the allegations in paragraph 108 of the Petition.

109.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 109 of the Petition, and on that basis, denies them.

110.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110 of the Petition, and on that basis, denies them.

111.    Defendant denies the allegations in paragraph 111 of the Petition, except admits

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

that the contracts Boeing references require Boeing to satisfy certain conditions before bringing suit. Defendant specifically denies that Boeing has satisfied those conditions, and specifically denies that Boeing attempted in good faith to resolve the parties' dispute by negotiation.

112.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112 of the Petition, and on that basis, denies them.

113.    Defendant admits the allegations in paragraph 113 of the Petition that on or about May 26, 2022, Boeing sent a letter to David Paja, Paul Spaven, and Defendant, and refers to the letter for a full and complete statement of its contents. Defendant specifically denies that Boeing has accurately described or characterized the letter.

114.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114 of the Petition, and on that basis, denies them.

115.    Defendant admits the allegations in paragraph 115 of the Petition that on or about November 15, 2022, Boeing sent a letter to Defendant, and refers to the letter for a full and complete statement of its contents. Defendant specifically denies that Boeing has accurately described or characterized the letter. Defendant denies knowledge or information sufficient to form a belief as to whether Boeing sent the same letter to others on November 14, 2022, and on that basis, denies such allegations. Defendant denies the remaining allegations in paragraph 115 of the Petition.

116.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116 of the Petition, and on that basis, denies them.

117.    In response to paragraph 117 of the Petition, Defendant realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

118.    Paragraph 118 of the Petition sets forth legal conclusions as to which no response

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

is required. If a response is required, Defendant denies that Plaintiff has suffered irreparable harm or significant money damages, and denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 118 of the Petition, and on that basis, denies them.

119.     Paragraph 119 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies that Paragraph 119 fully and accurately describes all relevant contractual terms, and refers to the referenced contracts for a full and complete statement of their terms.

120.     Paragraph 120 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120, and on that basis, denies them.

121.     Paragraph 121 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 121, and on that basis, denies them.

122.     Paragraph 122 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations.

123.     Paragraph 123 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations.

124.     Paragraph 124 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations.

125.     Paragraph 125 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations.

126.     In response to paragraph 126 of the Petition, Defendant realleges and incorporates

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

by reference each of the preceding paragraphs as if fully set forth herein.

127.    Paragraph 127 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations.

128.    Paragraph 128 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations.

129.    Paragraph 129 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations.

130.    In response to paragraph 130 of the Petition, Defendant realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

131.    Paragraph 131 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations.

132.    Paragraph 132 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 132, and on that basis, denies them.

133.    Defendant denies the allegations in paragraph 133 of the Petition except admits that the CEO of Melrose visited the GKN Aerospace St. Louis facility in 2018 *after* Melrose acquired the GKN group.

134.    Paragraph 134 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations.

135.    Paragraph 135 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations.

136.    Paragraph 136 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations.

181590.9

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

137.     Paragraph 137 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies the allegations.

138.     Paragraph 138 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

139.     Paragraph 139 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 139 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 139 of the Petition, and on that basis, denies them.

140.     Paragraph 140 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 140 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 140 of the Petition, and on that basis, denies them.

141.     Paragraph 141 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 141 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 141 of the Petition, and on that

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

basis, denies them.

142.    Paragraph 142 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 142 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 142 of the Petition, and on that basis, denies them.

143.    Paragraph 143 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 143 of the Petition, and on that basis, denies them.

144.    Paragraph 144 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 144 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 144 of the Petition, and on that basis, denies them.

145.    Paragraph 145 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

146.    Paragraph 146 of the Petition makes allegations in support of a cause of action

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 146 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 146 of the Petition, and on that basis, denies them.

147.    Paragraph 147 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 147 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 147 of the Petition, and on that basis, denies them.

148.    Paragraph 148 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 148 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 148 of the Petition, and on that basis, denies them.

149.    Paragraph 149 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 149 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 149 of the Petition, and on that basis, denies them.

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

150.     Paragraph 150 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 150 of the Petition, and on that basis, denies them.

151.     Paragraph 151 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 151 of the Petition, and on that basis, denies them.

152.     Paragraph 152 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 152 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 152 of the Petition, and on that basis, denies them.

153.     Paragraph 153 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

154.     Paragraph 154 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 154 of the Petition sets forth legal conclusions as to which no response is

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 154 of the Petition, and on that basis, denies them.

155.    Paragraph 155 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 155 of the Petition, and on that basis, denies them.

156.    Paragraph 156 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 156 of the Petition, and on that basis, denies them.

157.    Paragraph 157 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 157 of the Petition, and on that basis, denies them.

158.    Paragraph 158 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 158 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 158 of the Petition, and on that

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

basis, denies them.

159.    Paragraph 159 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 159 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 159 of the Petition, and on that basis, denies them.

160.    Paragraph 160 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

161.    Paragraph 161 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 161 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 161 of the Petition, and on that basis, denies them.

162.    Paragraph 162 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 162 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in paragraph 162 of the Petition, and on that basis, denies them.

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

163.    Paragraph 163 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 163 of the Petition, and on that basis, denies them.

164.    Paragraph 164 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 164 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 164 of the Petition, and on that basis, denies them.

165.    Paragraph 165 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 165 of the Petition, and on that basis, denies them.

166.    Paragraph 166 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 166 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 166 of the Petition, and on that basis, denies them.

167.    Paragraph 167 of the Petition makes allegations in support of a cause of action

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 167 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 167 of the Petition, and on that basis, denies them.

168.    Paragraph 168 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

169.    Paragraph 169 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 169 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 169 of the Petition, and on that basis, denies them.

170.    Paragraph 170 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 170 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 170 of the Petition, and on that basis, denies them.

171.    Paragraph 171 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 171 of the Petition, and on that basis, denies them.

172.    Paragraph 172 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 172 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 172 of the Petition, and on that basis, denies them.

173.    Paragraph 173 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 173 of the Petition, and on that basis, denies them.

174.    Paragraph 174 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 174 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 174 of the Petition, and on that basis, denies them.

175.    Paragraph 175 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 175 of the Petition sets forth legal conclusions as to which no response is

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 175 of the Petition, and on that basis, denies them.

176.    Paragraph 176 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 176 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 176 of the Petition, and on that basis, denies them.

177.    Paragraph 177 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

178.    Paragraph 178 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 178 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 178 of the Petition, and on that basis, denies them.

179.    Paragraph 179 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 179 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

a belief about the truth of the remaining allegations set forth in paragraph 179 of the Petition, and on that basis, denies them.

180.    Paragraph 180 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 180 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 180 of the Petition, and on that basis, denies them.

181.    Paragraph 181 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 181 of the Petition, and on that basis, denies them.

182.    Paragraph 182 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 182 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 182 of the Petition, and on that basis, denies them.

183.    Paragraph 183 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 183 of the Petition, and on that basis,

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

denies them.

184.    Paragraph 184 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 184 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 184 of the Petition, and on that basis, denies them.

185.    Paragraph 185 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 185 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 185 of the Petition, and on that basis, denies them.

186.    Paragraph 186 of the Petition makes allegations in support of a cause of action that is not asserted against Defendant, and therefore no response by Defendant is required. In addition, paragraph 186 of the Petition sets forth legal conclusions as to which no response is required. If a response is required, Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 186 of the Petition, and on that basis, denies them.

187.    Defendant denies that Plaintiff is entitled to any relief, including the relief sought in paragraph 187 of the Petition. Defendant denies the remaining allegations in paragraph 187 of the Petition.

188.    Defendant denies that Plaintiff is entitled to any relief, including the relief sought

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

in paragraph 188 of the Petition. Defendant denies the remaining allegations in paragraph 188 of the Petition.

189.    Defendant denies that Plaintiff is entitled to any relief, including the relief sought in paragraph 189 of the Petition. Defendant denies the remaining allegations in paragraph 189 of the Petition.

190.    Defendant denies that Plaintiff is entitled to any relief, including the relief sought in paragraph 190 of the Petition. Defendant denies the remaining allegations in paragraph 190 of the Petition.

191.    Defendant denies that Plaintiff is entitled to any relief, including the relief sought in paragraph 191 of the Petition. Defendant denies the remaining allegations in paragraph 191 of the Petition.

192.    Defendant denies that Plaintiff is entitled to any relief, including the relief sought in paragraph 192 of the Petition. Defendant denies the remaining allegations in paragraph 192 of the Petition.

## AFFIRMATIVE DEFENSES

193.    Defendant hereby asserts the following defenses to the claims and allegations contained in the Petition, undertaking the burden of proof or persuasion only as to those defenses deemed affirmative by law, regardless of how such defenses are denominated herein. Defendant reserves the right to assert any further or additional defenses upon receiving more complete information regarding the matters alleged in the Petition, through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

194.    The Petition fails to state facts sufficient to constitute a cause of action as to the Counts asserted against Defendant because they are premised on an alleged breach of a contract

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

that Plaintiff has not adequately alleged that GKN Aerospace St. Louis LLC has, to date, failed to perform, or on which Defendant had any obligation. These counts also fail to state a claim because Plaintiff also failed to adequately allege that it took reasonable efforts to mitigate its damages and has failed to adequately allege any damages.

## SECOND AFFIRMATIVE DEFENSE

### (Prior Pending Action)

195.    The Counts asserted against Defendant (Counts I, II, and III) are barred under the *McWane* doctrine due to pending litigation previously filed in the Delaware Court of Chancery captioned *GKN Aerospace US Holdings LLC, et al., v. The Boeing Company*, C.A. No. 2022-1182-MTZ, and because Delaware is the more appropriate forum for the resolution of this dispute. Plaintiff's claims are governed by Delaware law and Delaware law, including *McWane*, applies. In the alternative, if Missouri law applied to any or all of Plaintiff's claims, the claims would be barred under the doctrine of comity due to the pending litigation previously filed in the Delaware Court of Chancery captioned *GKN Aerospace US Holdings LLC, et al., v. The Boeing Company*, C.A. No. 2022-1182-MTZ. *See Rhines v. Weber,* 544 U.S. 269, 274 (2005) ("[The Doctrine of Comity] teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and *already cognizant* of the litigation, have had an opportunity to pass upon the matter." (emphasis added)).

## THIRD AFFIRMATIVE DEFENSE

### (Breach of Contract)

196.    Any obligations allegedly owed under the contract were excused by Plaintiff's breach of the alleged contract, including as a result of Plaintiff's uncertainty as to its own predicted capacity requirements.  Plaintiff also failed to comply with the dispute resolution

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

provisions of the alleged contracts, including by failing to negotiate a commercial resolution in good faith.  As a result of Plaintiff's breaches, any performance by any other party or parties is excused.

### FOURTH AFFIRMATIVE DEFENSE

### (Consent)

197.    The Counts asserted against Defendant (Counts I, II and III) are barred because Plaintiff consented to and acquiesced in the subject conduct. Plaintiff was offered the opportunity to acquire the Hazelwood facility and continue its operations (which would more than mitigate any damages Plaintiff claims to have suffered), and Plaintiff declined that offer. Plaintiff's actions before and after the announcement of the closure of the Hazelwood facility, including the substance and approach of its response to the announcement of the closure, and its failure to engage on an orderly transition plan, consented and acquiesced to the closure, and consented and acquiesced to any non-performance by any party under any applicable contracts.  This acquiescence and consent was intentional as manifested by Plaintiff's conduct and its words in relation to the matter involved.

### FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

198.    The Counts asserted against Defendant (Counts I, II and III) are barred by the doctrine of estoppel.  Plaintiff was offered the opportunity to acquire the Hazelwood facility and continue its operations (which would more than mitigate any damages Plaintiff claims to have suffered), and Plaintiff declined that offer. Plaintiff's actions before and after the announcement of the closure of the Hazelwood facility, including the substance and approach of its response to the announced closure, and its failure to engage on an orderly transition plan, estops Plaintiff

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

from bringing its claims resulting from the announcement of the closure because its actions and statements are inconsistent with the claims now made.  Other relevant parties relied on these actions and statements, and such reliance on Plaintiff's actions and statements caused injury.

## SIXTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

199.    The Counts asserted against Defendant (Counts I, II and III) are barred by the doctrine of equitable estoppel.  Plaintiff was offered the opportunity to acquire the Hazelwood facility and continue its operations (which would more than mitigate any damages Plaintiff claims to have suffered), and Plaintiff declined that offer. Plaintiff's actions before and after the announcement of the closure of the Hazelwood facility, including the substance and approach of its response to the announcement of the closure, and its failure to engage on an orderly transition plan, equitably estops Plaintiff from bringing its claims resulting from the announced closure because its actions and statements are inconsistent with the claims now made.  Other relevant parties relied on these actions and statements, and such reliance on Plaintiff's actions and statements caused injury

## SEVENTH AFFIRMATIVE DEFENSE

### (Ratification)

200.    The Counts asserted against Defendant (Counts I, II and III) are barred by the doctrine of ratification. Plaintiff was offered the opportunity to acquire the Hazelwood facility and continue its operations (which would more than mitigate any damages Plaintiff claims to have suffered), and Plaintiff declined that offer. Plaintiff's actions before and after the announcement of the closure of the Hazelwood facility, including the substance and approach of its response to the closure, and its failure to engage on an orderly transition plan, ratified the

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

conduct of Defendant and other relevant parties.

<h2>EIGHTH AFFIRMATIVE DEFENSE</h2>

<h3>(Acquiescence)</h3>

201.    The Counts asserted against Defendant (Counts I, II and III) are barred by the doctrine of acquiescence. Plaintiff was offered the opportunity to acquire the Hazelwood facility and continue its operations (which would more than mitigate any damages Plaintiff claims to have suffered), and Plaintiff declined that offer. Plaintiff's actions before and after the announcement of the closure of the Hazelwood facility, including the substance and approach of its response to the announcement of the closure, and its failure to discuss the announced closure, acquiesced to the conduct of Defendant and other relevant parties. Plaintiff knew these actions and statements constituted a waiver of its rights to recover against Defendant for the announced closure of the Hazelwood facility and intentionally took those actions and made those statements with this knowledge. Plaintiff's acquiescence was manifested by its conduct and its words in relation to the matter involved.

<h2>NINTH AFFIRMATIVE DEFENSE</h2>

<h3>(Failure of Condition Precedent)</h3>

202.    The Counts asserted against Defendant (Counts I, II and III) are barred by Plaintiff's failure to perform all conditions precedent to Plaintiff's purported right to recover. Plaintiff claims a breach based on future purchase orders that have not been issued to GKN Aerospace St. Louis LLC pursuant to the terms of the Strategic Agreements and/or the purchase contracts. In addition, Plaintiff failed to comply with the dispute resolution provisions of the Strategic Agreements and/or the purchase contracts, including by failing to negotiate a commercial resolution in good faith.

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

## TENTH AFFIRMATIVE DEFENSE

### (Failure of Condition)

203.    The Counts asserted against Defendant (Counts I, II and III) are barred because of
Plaintiff's failure to perform all or any conditions, whether precedent, concurrent and/or
subsequent, covenants, and/or promises on their part to be performed as between the parties
herein. Plaintiff claims a breach based on future purchase orders that have not been issued to
GKN Aerospace St. Louis LLC pursuant to the terms of the Strategic Agreements and/or the
purchase contracts. In addition, Plaintiff failed to comply with the dispute resolution provisions
of the Strategic Agreements and/or the purchase contracts, including by failing to negotiate a
commercial resolution in good faith.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure of Condition Subsequent)

204.    The Counts asserted against Defendant (Counts I, II and III) are barred by
Plaintiff's failure to perform all conditions subsequent to Plaintiff's purported right to recover.
Plaintiff's claim of breach is based on future purchase orders that have not been issued to GKN
Aerospace St. Louis LLC pursuant to the terms of the Strategic Agreements and/or the purchase
contracts. In addition, Plaintiff failed to comply with the dispute resolution provisions of the
Strategic Agreements and/or the purchase contracts, including by failing to negotiate a
commercial resolution in good faith.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

205.    The Counts asserted against Defendant (Counts I, II and III) are barred by its
failure to mitigate any purported damages. Plaintiff failed to take reasonable efforts to mitigate

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

any purported damages caused by any of the claims alleged, including by failing to attempt to reach a commercially sensible resolution following the closure of the Hazelwood facility, including rejecting offers that would have kept the Hazelwood facility open until 2027, or offers that would have allowed Boeing to take ownership of the Hazelwood facility and continue its operations for however long, and in any manner, that Boeing saw fit to meet its purported requirements. Plaintiff thereby failed to use ordinary care in mitigating its damages and, for that reason, sustained damages that would not otherwise have occurred. Any purported damages would have been avoided had Boeing took such reasonable efforts to mitigate its purported damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Impossibility)

206.    The Counts asserted against Defendant (Counts I, II and III) are barred by the doctrine of impossibility. GKN Aerospace St. Louis LLC's performance of under the Strategic Agreements, including the fulfillment of purchase contracts, is impossible because continued operation of the Hazelwood facility is untenable and unsustainable, including due to insufficient projected revenues for operation beyond the intended closure date.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Impracticability)

207.    The Counts asserted against Defendant (Counts I, II and III) are barred by the doctrine of impracticability. GKN Aerospace St. Louis LLC's performance under the Strategic Agreements, including the fulfillment of purchase contracts, is impracticable because continued operation of the Hazelwood facility is untenable and unsustainable, including due to insufficient projected revenues for operation beyond the intended closure date. This condition of

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

impracticability was caused, in part, by the unforeseen loss of two major programs with non-Boeing related customers and resulted in a destruction or near-destruction of the contracted performance's value or purpose.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Intervening Cause)

208.    The damage to Plaintiff, if any, was proximately caused by the actions of third-parties, including the parties who withdrew major programs with GKN Aerospace St. Louis LLC, unrelated to Defendant, which rendered the continued operation of the Hazelwood facility by GKN Aerospace St. Louis LLC untenable and unsustainable and required its closure.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

209.    The Counts asserted against Defendant (Counts I, II and III) are barred by the doctrine of frustration of purpose. The purpose of the Strategic Agreements, including the fulfillment of purchase orders, was frustrated because continued operation of the Hazelwood facility is untenable and unsustainable, including due to insufficient projected revenues for operation beyond the intended closure date because of the unforeseen withdrawal of two major programs by third-parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Laches)

210.    The Counts asserted against Defendant (Counts I, II and III) are barred by the doctrine of laches. Following the announcement of the Hazelwood facility closure, Plaintiff excessively, unreasonably and without explanation delayed for nearly a year in asserting claims against Defendant, materially prejudicing Defendant, in circumstances under which Plaintiff

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

should have acted sooner.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

211.    The Counts asserted against Defendant (Counts I, II and III) are barred because Plaintiff has not been injured or damaged as a proximate result of any act or omission for which Defendant is responsible. Plaintiff has not been damaged because the Hazelwood facility has not closed. In addition, the alleged damages claimed by Plaintiff would have been avoided if Plaintiff had mitigated damages, which it failed to do, including by failing to attempt to reach a commercially reasonable resolution following the closure of the Hazelwood facility, including rejecting offers that would have kept the Hazelwood facility open until 2027, or offers that would have allowed Boeing to take ownership of the Hazelwood facility and continue its operations for however long, and in any manner, that Boeing saw fit to meet its purported requirements. Plaintiff thereby failed to use ordinary care in mitigating its damages and, for that reason, sustained damages that would not otherwise have occurred. Any purported damages would have been avoided had Boeing took such reasonable efforts to mitigate its purported damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Equitable relief barred by remedy at law)

212.    Plaintiff's claim for equitable relief, including Count II, is barred because there is an adequate remedy at law. Plaintiff's claim for specific performance is barred because any purported damage caused to Plaintiff by the closure of the Hazelwood facility has an adequate remedy at law in the form of money damages.

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Parol Evidence Rule)**

213.    Counts I, II and III are barred by the parol evidence rule. Plaintiff's Petition repeatedly alleges statements purportedly made by Defendants, which are not permitted to vary the terms of a written contract.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Performance Excused)**

214.    The Counts asserted against Defendant (Counts I, II and III) are barred because GKN Aerospace St. Louis LLC was excused from any performance due to Plaintiff under any of the alleged contracts. The performance of GKN Aerospace St. Louis LLC under the Strategic Agreements, including the fulfillment of purchase contracts, is excused as such performance would be impossible and impracticable because continued operation of the Hazelwood facility by GKN Aerospace St. Louis is untenable and unsustainable due to insufficient projected revenues for operation. The performance of  GKN Aerospace St. Louis LLC was further excused by the actions and statements of Plaintiff before and after the announcement of the closure of the Hazelwood facility, including the substance and timing of its response to the announcement of the closure and its failure to reach a commercial resolution to the closure.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Prior Material Breach)**

215.    The Counts asserted against Defendant (Counts I, II and III) are barred by reason of the prior material breach of the agreement or agreements by Plaintiff, including as a result of Plaintiff's uncertainty as to its own predicted capacity requirements. Plaintiff also failed to comply with the dispute resolution provisions of the alleged contracts, including by failing to

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

negotiate a commercial resolution in good faith. As a result of Plaintiff's breaches, any performance by any other party or parties is excused.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands)

216.    Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands. Plaintiff's actions following the announcement of the closure of the Hazelwood facility, including its failure to engage in good faith efforts to reach a commercially reasonable resolution, its baseless and wrongful threats to seek excessive damages and assert claims with parties not in privity with Plaintiff, and its placement of orders based on uncertain predicted capacity "requirements," were undertaken in bad faith and without legal support, and that Plaintiff's claims are therefore barred.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Waiver)

217.    As a result of Plaintiff's own intentional acts and omissions, Plaintiff has waived any right which it may have had to recover against Defendant. As a result of Plaintiff's actions and statements before and after the announcement of the closure of the Hazelwood facility, including the substance and approach of its response to the announcement of the closure, its failure to discuss the announced closure, and its failure to assert timely claims for specific performance, it waived any right to recover for the claims alleged. Plaintiff knew these actions and statements constituted a waiver of its rights to recover for the announced closure of the Hazelwood facility and intentionally took those actions and made those statements with this knowledge. Plaintiff's waiver was manifested by its conduct and its words in relation to the matter involved.

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

### **(Reservation)**

218.    Defendant reserves all other defenses unknown at the time of filing this Answer.

## **REQUEST FOR RELIEF**

WHEREFORE, Defendant demands judgment against Plaintiff as follows:

a.    denying Plaintiff's claims in their entirety;

b.    awarding such other and further relief as the Court deems just and proper.

Dated this 20th day of June, 2023.

Respectfully submitted,

Michael D. Kibler (Pro Hac Vice)
Kibler Fowler & Cave LLP
11100 Santa Monica Blvd., Ste. 360
Los Angeles, CA 90025
Telephone: 310-409-0473
Facsimile: 310-409-0401
mkibler@kfc.law

/s/ Matthew P. Diehr
Matthew P. Diehr (No. 61999)
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
Telephone: 314.480.1500
Fax: 314.480.1505
E-mail: matthew.diehr@huschblackwell.com

*Attorneys for Defendant Melrose Industries PLC*

Daniel J. Stujenske (Pro Hac Vice)
Kibler Fowler & Cave LLP
500 Fifth Avenue, 12th Floor
New York, NY 10010
Telephone: 310-409-0477
Facsimile: 310-409-0401
dstujenske@kfc.law

Electronically Filed - St Louis County - June 20, 2023 - 06:08 PM

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2023, the foregoing was electronically filed with the Clerk of the Court St. Louis County, Missouri using Missouri Case.Net which sent notification of such filing to all persons listed in the Court's electronic notification system.

By: /s/ *Matthew P. Diehr*
Matthew P. Diehr, #61999
HUSCH BLACKWELL LLP