IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE BOEING COMPANY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) )  Case No. 4:24-CV-00219 ) ) |
| MELROSE INDUSTRIES PLC, *et al.*, | ) ) |
| Defendants. | ) ) |

**PLAINTIFF THE BOEING COMPANY'S**
**MOTION FOR AN EMERGENCY HEARING**

Plaintiff The Boeing Company ("Boeing"), by and through undersigned counsel, respectfully requests that the Court—if it determines it has jurisdiction and does not remand the matter to state court—set a Temporary Restraining Order ("TRO") hearing on or before **March 22, 2024** to address Defendant GKN Aerospace St. Louis LLC's ("GKN") threatened destruction of parts and materials at issue in Boeing's Motion for a Preliminary Injunction ("PI Motion"), as well as the other relief sought in that pending motion. *See* ECF 19-1 (Boeing's PI Motion), 61-5 (Boeing's memorandum in support of that motion). In support hereof, Boeing states as follows:

1. Defendant GKN recently informed Boeing that it intends to begin destroying certain of the parts at issue in Boeing's pending PI Motion, as well as materials required in the production of such parts, at the end of this month. *See* Exhibit A attached hereto (GKN's letter); Exhibit B attached hereto (attachment to GKN's letter listing the parts GKN intends to destroy). Boeing continues to believe that this Court does not have subject matter jurisdiction and that Defendants' removal was untimely, and Boeing maintains its objection to Defendants' removal and all arguments in its motion to remand, without waiving any. *See* ECF 61-2. But, if the Court

1

determines that it has jurisdiction and not to remand, Boeing requests a TRO hearing on or before March 22 to consider the relief sought in Boeing's pending PI Motion and entry of an order preventing GKN from destroying any of the parts (or materials that would be incorporated into such parts) at issue in that motion. As explained more fully below, GKN's recently announced plan to destroy parts amplifies the urgency of bringing Boeing's PI Motion to a prompt resolution.

2. As the Court is aware, on January 25, 2023, Boeing filed the PI Motion in the Circuit Court of St. Louis County, State of Missouri ("State Court") where this case was pending. ECF 19-1. The PI Motion sought an order requiring Defendants to fulfill their contractual obligation to "accept and process" all timely placed orders for parts for F-15 and F/A-18 fighter jets. *Id.* at 1; *see* ECF 61-5. This relief is urgently needed to prevent irreparable harm because, among other things, GKN is the only supplier currently capable of providing parts needed to meet Boeing's production schedules for F-15 and F/A-18 fighter jets. *Id.*[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

3. The State Court scheduled a hearing to address Boeing's PI Motion for February 16, 2024. ECF 61-3 ¶ 5. In advance of that hearing, Boeing produced a large volume of documents and agreed to the depositions of six witnesses. *Id.* ¶ 6. But just four days before the hearing on the PI Motion, Defendants removed the case to this Court. *Id.* ¶ 7; *see* ECF 1. Defendants' improper removal of this case—over fourteen months after it began—halted this case and led to the cancellation of the State Court's PI hearing.

---

[1] As reflected in the PI Motion, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ECF 61-5 at 1. But, as Boeing has explained, relief is required now—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—because the parts GKN is required to produce for Boeing take many months to manufacture. *E.g.*, ECF 61-6 ¶ 71 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).



	Because of Defendants' removal, Boeing has not been able to deliver this letter to the State Court.

	5.	Clearly, the relief sought by the PI Motion was urgently needed at the time Boeing filed the motion in state court. But it is needed even more urgently now. On Friday, March 8, GKN sent a letter to Boeing explaining that it "will be disposing of component and end item parts that have been deemed obsolete or that are in excess to open requirements." Ex. A.

	6.	The list attached to GKN's letter includes parts whose production and delivery to Boeing are expressly sought by the PI Motion. *Compare* Ex. B *with* ECF 61-6 (Affidavit of Todd Cohen, including an appendix with "the complete list of part numbers at issue in [Boeing's] motion" for a preliminary injunction). In other words, after sabotaging Boeing's path to injunctive relief in state court with a baseless attempt at removal, GKN is now moving forward to destroy some of the very property that the State Court injunction would have protected. Without a TRO— or a prompt remand to state court where Boeing will seek the same order—GKN will upend the status quo in a manner that further impairs Boeing's ability to remedy the irreparable harm that is ongoing.

7. Specifically, Boeing seeks a TRO that GKN must "accept and process" all timely placed orders under the Strategic Agreements, and that it cannot destroy any parts at issue in Boeing's PI Motion. If the Court is not inclined to remand the case, then such a TRO is necessary and proper because all of the requirements for that relief are present here. *See Power Invs., LLC v. Cardinals Preferred, LLC*, No. 4:21-CV-01022, 2021 WL 3709654, at *2 (E.D. Mo. Aug. 20, 2021) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)) (explaining the factors courts must consider when deciding to issue a TRO). Absent immediate injunctive relief, Boeing will be deprived of parts needed to build and maintain its F-15 and F/A-18 fighter jets, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. ECF 61-5 at 15–22. The balance of equities and the public interest in timely production of fighter jets to the U.S. Government and its allies thus clearly favor entry of a TRO. *Id.* at 22–25. Indeed, it is not clear that a TRO preventing GKN from needlessly destroying parts would impose *any* hardship on GKN, and requiring GKN to live up to its contractual obligations is not a hardship recognized by the law. *See id.* at 23. In all events, such a TRO would only be a stopgap until the Court sets a future hearing on Boeing's PI Motion. *See* Fed. R. Civ. P. 65(b)(2) (limiting the duration of a TRO to 14 days under most circumstances). Finally, as explained more fully in Boeing's PI Motion, Boeing is likely to prevail on the merits given GKN's clear obligation under the relevant contracts to accept and process Boeing's orders for the parts at issue in that motion. ECF 61-5 at 25–40.

8. Boeing regrets the urgency and speed with which it must seek this hearing, but they are the result of deadlines unilaterally imposed by GKN and ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬. GKN's recent letter threatened that "[t]hese parts will be scrapped **by the end of March 2024**." Ex. A (emphasis added). Boeing respectfully submits that a TRO hearing—in the State Court after a remand or in this Court if it finds jurisdiction—is necessary in the next four

4

days (*i.e.*, this week, March 18–22) to address the issues raised in Boeing's PI Motion and GKN's intention to frustrate that relief by destroying parts subject to the motion, as well as materials that would be used to produce parts subject to the motion.

WHEREFORE, Boeing respectfully requests that, if the Court determines that it has jurisdiction and does not remand the case to the State Court, the Court set a TRO hearing on or before March 22, 2024 to address GKN's threatened destruction of parts and materials at issue in Boeing's PI Motion as well as the other relief sought in that pending motion, and order any other and further relief that the Court deems just and proper.

| | |
|---|---|
| Dated: March 18, 2024 | Respectfully submitted, |

                                              */s/ James F. Bennett*
James F. Bennett, #46826
Jeffrey R. Hoops, #69813
M. Stacy Connelly, #63465
DOWD BENNETT LLP
7676 Forsyth Boulevard, Suite 1900
St. Louis, MO 63105
Tel: (314) 889-7300
Facsimile: (314) 863-2111
jbennett@dowdbennett.com
jhoops@dowdbennett.com
sconnelly@dowdbennet.com

Matthew A. Kairis (*pro hac vice*)
JONES DAY
2727 N. Harwood St.,
Dallas, TX 75201
Tel: (214) 220-3939
Facsimile: (214) 969-5100
makairis@jonesday.com

Christopher DiPompeo (*pro hac vice)*
Nathaniel G. Ward (*pro hac vice*)
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001
Tel: (202) 879-3939
Facsimile: (202) 626-1700
cdipompeo@jonesday.com
nward@ionesday.com

*Attorneys for Plaintiff The Boeing Company*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March, 2024, I filed the foregoing via the Court's CM/ECF system and served a copy upon all counsel of record via email.

/s/ *James F. Bennett*